■ JOSEPHINE FERRARI et al., Respondents, v. SHELDON LANGER, Appellant.— In a medical malpractice action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Suffolk County, dated March 14, 1973, which (1) denied his motion to vacate plaintiffs' notice to discover a medical report by a physician who, on behalf of defendant, had conducted a physical examination of plaintiff Josephine Ferrari and (2) directed defendant to comply with the notice. Order modified by adding thereto a provision that the direction therein that the defendant comply with plaintiffs' notice is conditioned upon plaintiffs' furnishing defendant with a copy of the report of Mrs. Ferrari's examination by her own physicians. As so modified, order affirmed, with $20 costs and disbursements to appellant. CPLR 3121 (subd. [b]) provides for the delivery of a physician's report upon the request of any party, other than the party who had sought the examination, to exchange therefor a copy of each report in the requesting party's control. Rule 672.2 (22 NYCRR 672.2) of the rules of this court implementing the policy of full disclosure requires, *inter alia*, that at least 20 days before the date of an examination the party to be examined shall serve upon and deliver to all other parties "Copies of the medical reports of those physicians who have previously treated or examined the party seeking recovery". To the extent that our holdings in *Maus* v. *Nisbet* (15 A D 2d 785), *Pink* v. *Val-*

*entine* (10 A D 2d 583) and *Baum* v. *Nussenbaum* (7 A D 2d 991) state that a plaintiff's right to a medical report of an examination of him procured by a defendant was not conditioned upon the plaintiff furnishing the defendant with a copy of the report of the plaintiff's examining physician, they were superseded by CPLR 3121 and the rules of this court (22 NYCRR 672.2, 672.3). Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.