◼ VINCENT VALENTI, Appellant, v VINCENT CHANICE, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered November 13, 1978, which was in favor of defendant and dismissed the action, upon the trial court's direction of a verdict for defendant on the issue of damages following a jury verdict in favor of the plaintiff on the issue of liability. Judgment reversed, without costs or disbursements, defendant's motions to preclude and for a directed verdict are denied, and the action is remitted to Trial Term for determination of the question of damages. When defendant had actual knowledge of the existence of medical reports, and in fact had copies of such reports prior to the trial on the question of damages, he may not wait until immediately prior to the commencement of the trial on damages to seek preclusion for the alleged failure to comply with the rules governing the exchange of medical information (see 22 NYCRR Part 672). To do so would result in extreme surprise and prejudice to the plaintiff, antithetical to the purpose of such rules. Indeed, the rules anticipate that normally a defect in compliance should be addressed at the calendar stage of litigation (see 22 NYCRR 672.6, 672.10). Nor do we find the discrepancy concerning the identity of the examining physician to be so significant as to justify total preclusion. There is only one doctor's report in issue and the identity of the examining physician (one of two associates in the same office) may be readily ascertained. There is neither surprise nor prejudice to the defendant and no persuasive basis to invoke the sanction of preclusion. Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.