■ NOEL C. RHODEN, Respondent, et al., Plaintiff, v EDWARD M. MONTALBO et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendants Edward M. Montalbo, United Car Service and the New York City Transit Authority appeal from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered July 3, 1985, which is in favor of the plaintiff Noel Constantine Rhoden and against them.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof which award the plaintiff Noel Constantine Rhoden damages. As so modified, the judgment is affirmed, with one bill of costs payable to the appellants appearing separately and filing separate briefs, and a new trial is granted on the issue of damages.

On August 24, 1978, the plaintiff Noel Constantine Rhoden was a passenger on a bus owned by the appellant New York City Transit Authority (hereinafter NYCTA) and driven by the defendant William D. Williams when it was involved in a collision with a livery cab owned by the appellant United Car Service (hereinafter UCS) and driven by the appellant Edward Montalbo. The plaintiffs commenced this action claiming that when the bus came to a short stop, he was thrown from his seat, landing on his back and sustaining injury thereto. Following the accident Mr. Rhoden was examined and treated by various doctors including a Dr. Leo Koven who examined him at his counsel's request on July 24, 1979. On October 30, 1979, Mr. Rhoden was examined by a Dr. Michael Klein at the request of UCS and Montalbo. The NYCTA and Williams did not request that Mr. Rhoden be examined by a doctor of their own choosing. The plaintiffs' certificate of readiness for trial, dated January 27, 1984, indicates that the exchange of medical reports had been completed.

At the liability portion of the bifurcated trial, conflicting testimony was presented as to the speed of the bus, which left 10-foot skidmarks in the intersection where the collision occurred. In addition, the record indicates that the livery cab went through a red light leaving 40-foot curved skidmarks on the street behind the point that its driver's side came into contact with the bus. The jury found for Mr. Rhoden, apportioning relative culpability in the amounts of 10% on the part of NYCTA, and 90% on the part of UCS and Montalbo.

During the damages portion of the trial, evidence as to Mr. Rhoden's alleged back injury was provided through his own testimony of pain, and through the opinion of Dr. Koven that he had sustained a herniated or slipped disc in the accident. When the NYCTA sought to have Dr. Klein testify to give his apparently contradictory medical opinion of Mr. Rhoden's injury based upon his examination of Mr. Rhoden in October 1979, Mr. Rhoden objected on the grounds that (1) Dr. Klein was not the expert of the NYCTA but that of UCS and Montalbo and (2) he had not received a separate copy of Dr. Klein's medical report from NYCTA. Counsel for UCS and Montalbo stated that Dr. Klein had examined Mr. Rhoden on their behalf as well as on behalf of the NYCTA. The court precluded Dr. Klein from testifying. Mr. Rhoden was subsequently awarded damages and the appellants brought the instant appeal.

Initially, UCS and Montalbo contend that the jury's liability determination as to them is not supported by the weight of the evidence. We do not agree. The questions of negligence and apportionment of fault are for the fact finder (see, e.g., Heffler v State of New York, 96 AD2d 926, 928). Upon reviewing the record we conclude that it cannot be said that the jury's determination herein could not be reached on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 134).

Next, the appellants contend that the court improperly precluded Dr. Klein from testifying during the damages portion of the trial. They argue that UCS and Montalbo sent a copy of Dr. Klein's report to Mr. Rhoden pursuant to CPLR 3121 and 22 NYCRR former part 672 (see, e.g., Ferrari v Langer, 43 AD2d 589) and that the failure of the NYCTA to send Mr. Rhoden a duplicate copy of the same report should not have operated to preclude the NYCTA from calling Dr. Klein to testify. Mr. Rhoden contends that the failure to comply with the rules requires preclusion.

Initially, we note that normally a defect in compliance should be addressed at the calendar stage of litigation (see, Valenti v Chanice, 75 AD2d 850). Inasmuch as the record is barren of any indication that Mr. Rhoden moved at the calendar stage to compel compliance with 22 NYCRR former part 672 (see, 22 NYCRR former 672.10, now 202.17 [j]), and since he filed a certificate of readiness indicating that the exchange of medical records had been completed, the court should not have precluded Dr. Klein from testifying. The fact that the NYCTA, which wished to call Dr. Klein to testify at

the trial, was not the defendant who had requested the examination, is not of such significance as to justify exclusion. There was no showing of either surprise or prejudice to Mr. Rhoden but the preclusion severely prejudiced the appellants. The only medical evidence as to the plaintiff Noel Rhoden's alleged injury was Dr. Koven's opinion. By precluding Dr. Klein from giving his opposing medical opinion, Dr. Koven's opinion that Mr. Rhoden sustained a slipped or herniated disc was unchallenged, leading to the inference that it was medically conclusive. There must be a new trial on damages at which Dr. Klein may testify.

Finally, our review of the trial record reveals that (1) Mr. Rhoden's counsel gave expert medical testimony, over repeated objection, during his opening statement in the damages portion of the trial, (2) counsel elicited testimony from Mr. Rhoden, over objection, regarding a medical test performed by a doctor whose medical report was apparently not exchanged with the defendants, and (3) counsel elicited from Dr. Koven, over objection, testimony regarding various medical procedures which Mr. Rhoden did not undergo and in a manner implying that Mr. Rhoden did in fact undergo them. At the new trial on damages this conduct should not be repeated. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.