■ TIMOTHY K. FULTZ et al., Respondents, v D. BENVENUTI PROPERTIES et al., Appellants, et al., Defendants. (And a Third-Party Action.)—Levine, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 8, 1988 in Albany County, which, *inter alia,* denied the cross motions of various defendants to strike plaintiffs' note of issue and certificate of readiness.

Plaintiff Timothy K. Fultz suffered severe injuries as a result of a construction site accident which occurred September 15, 1986. In November 1986, this action was commenced against defendant D. Benvenuti Properties (hereinafter Benvenuti). Approximately one year later, plaintiffs commenced an action against defendants Butler Construction Corporation (hereinafter Butler), Bucon, Inc. (hereinafter Bucon) and Con-

stanzi Crane and Rigging Company. Shortly thereafter, a separate summons and complaint was served on defendants August Bohl Contracting Company, Inc., Eddie Pickett Construction, Albany Steel, Inc., and Petrochem Mechanical Services, Inc. The actions were thereafter consolidated.

Since joinder of issue of all defendants was completed in February 1988, extensive discovery has been conducted in this case. At the conclusion of a deposition held October 14, 1988, the attorneys for plaintiffs and defendants met and discussed the status of discovery and the commencement of a third-party action by Benvenuti. As to discovery, defendants averred that they discussed the need for further document production from Albany Steel and Benvenuti, to depose a consulting engineer of Benvenuti, to conduct tests on certain materials involved in the accident, and to schedule physical examinations of Fultz, possibly in more than one medical specialty.

Ten days after this meeting, plaintiffs served a note of issue and certificate of readiness along with a motion for a trial preference. Benvenuti cross-moved to strike plaintiffs' note of issue and to oppose plaintiffs' motion for a trial preference. Butler and Bucon also cross-moved for the same relief. Benvenuti, Butler and Bucon (hereinafter collectively referred to as defendants) claimed that discovery was not complete, that there had not been a reasonable opportunity to complete pretrial proceedings and that the case was not ready for trial.

Supreme Court denied defendants' cross motions, finding that there had been adequate time to conduct discovery as the case had been pending for more than two years and that the only discovery sought from plaintiffs was a physical examination of Fultz. As a condition of the denial of the cross motions, Supreme Court ordered that Fultz be available for a physical examination to be held prior to March 31, 1989. Supreme Court then denied plaintiffs' motion for a trial preference on the ground that plaintiffs did not make a sufficient showing to warrant a preference, but then set a trial date of May 2, 1989. Defendants appeal from Supreme Court's order.

As a threshold matter, plaintiffs contend that this appeal should be dismissed as moot. During the pendency of this appeal, this court granted a stay of enforcement of Supreme Court's order and then, upon plaintiffs' request that discovery be allowed to proceed, we modified our prior order to provide that only the trial date of May 2, 1989 would be stayed. Supreme Court then issued an order compelling defendants to conduct discovery in five specifically identified areas by No-

vember 30, 1989. Plaintiffs contend that the present appeal has been rendered moot by Supreme Court's order compelling further discovery. We disagree. There is nothing in the record before us which would support a finding that defendants have in fact obtained the court-ordered discovery and that no additional areas of inquiry have been identified. Consequently, plaintiffs have failed to sustain their burden of establishing that this appeal is moot (see, Matter of Moore v Santucci, 151 AD2d 677).

Turning to the merits, we agree with defendants that Supreme Court abused its discretion in denying their cross motions to vacate the note of issue and certificate of readiness. The record before us demonstrates that plaintiffs filed the certificate of readiness when they were aware that further discovery was anticipated. Moreover, contrary to Supreme Court's finding, the action against all defendants except Benvenuti had been pending for less than a year at the time of the filing. Thus, in our view, defendants were not afforded a reasonable opportunity to complete discovery and plaintiffs' filing of the note of issue and certificate of readiness was premature (see, Timmes v Yeager, 28 AD2d 997; cf., Easley v Van Dyke, 110 AD2d 967; Polsinelli v Hanover Ins. Co., 62 AD2d 376). In light of our determination vacating the note of issue, defendants' remaining contention need not be considered.

Order modified, on the law, with one bill of costs to appellants, by reversing so much thereof as denied the cross motions to vacate plaintiffs' note of issue and certificate of readiness; cross motions granted and case stricken from the Trial Calendar; and, as so modified, affirmed. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.