■ Charles Winther et al., Respondents-Appellants, v Rail-

ROAD MAINTENANCE CORPORATION, Appellant-Respondent and Third-Party Plaintiff-Appellant. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent.—Judgment, Supreme Court, Bronx County (Philip C. Modesto, J.), entered October 6, 1989, after a jury trial, which, *inter alia,* awarded plaintiff Charles Winther judgment as against defendant Railroad Maintenance Corporation (RMC) in the reduced sum of $345,000, plus costs and disbursements, and which adjudged that third-party defendant New York City Transit Authority have judgment as against defendant RMC, dismissing the third-party complaint, unanimously affirmed, without costs.

Plaintiff Charles Winther was injured on January 3, 1985 when, while working as a trackman for his employer, third-party defendant New York City Transit Authority, a subway rail being lifted by a crane, owned by defendant RMC, fell onto the plaintiff's leg.

Upon examination of the record, we conclude that the jury's finding that the crane operator was not a "special employee" of the Transit Authority was properly submitted to and resolved by the jury, and was supported by the evidence adduced at trial. *(Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405.) Similarly, we find that sufficient evidence was adduced at trial to support the jury's finding that defendant RMC was vicariously liable for the crane operator's negligence under the doctrine of respondeat superior. *(State Div. of Human Rights v GTE Corp.,* 109 AD2d 1082.)

Finally, the trial court's reduction of the jury verdict in favor of the plaintiff from $1,395,000 to $345,000 was also supported by the record, which reveals that the jury award for plaintiff's injuries, including a fractured tibia and fibula which were thereafter set by closed reduction and which subsequently healed except for some arthritic discomfort, was manifestly excessive and unsubstantiated by the evidence adduced at trial. *(Cohen v Hallmark Cards,* 45 NY2d 493.)

We have considered the remaining contentions raised on appeal and find them to be without merit. Concur—Murphy, P. J., Kupferman, Asch and Kassal, JJ.