■ OLGA FREEMAN, Respondent, v EDDIE KIRKLAND, Defendant, and NEW YORK TELEPHONE COMPANY, Appellant.—Judgment, Supreme Court, New York County (Edward A. Calvarusso, J., and a jury), entered March 29, 1991, in favor of plaintiff and against defendant-appellant in the amount of $297,070.00, together with interest, costs and disbursements, unanimously affirmed, with costs.

Struck by defendant's truck while crossing the street, plaintiff, 60 years old, sustained various injuries, including a fracture of the left fibula, concussion, evulsion laceration requir-

ing a debridement procedure, acute cervical thoracic and lumbar ligament strain, ligamentous strain and contusion of the right knee, and extreme swelling of the legs causing post-traumatic phlebitis. At the time of trial, more than four years after the accident, plaintiff continued to experience chronic pain in her lower back and difficulty in bending her knees and raising her left leg.

The trial court did not abuse its discretion in denying defendants' motion to preclude the testimony of plaintiff's treating physicians because of a claimed failure on plaintiff's part to comply with the rules governing the exchange of medical information (22 NYCRR 202.17 [g]; CPLR 3101 [d]), where, as here, any such failure was not willful (*Whitler Contr. Corp. v City of New York,* 161 AD2d 484), defendants did not move to compel compliance until after the jury had been selected and the trial itself had commenced (*Rhoden v Montalbo,* 127 AD2d 645, 646; *Valenti v Chanice,* 75 AD2d 850), and defendants had available to them alternative sources for the medical information concerning plaintiff's injuries and course of rehabilitation and thus could not have been surprised or prejudiced when plaintiff's expert was permitted to testify thereto "in the interests of justice" (*see, McDougald v Garber,* 135 AD2d 80, 94, *mod on other grounds* 73 NY2d 246).

Nor did the trial court abuse its discretion in allowing into evidence the complete medical file of plaintiff's treating osteopathic physician, including records, reports and correspondence generated by other medical specialists and laboratories, where the treating physician's testimony at trial established that the medical records related to the diagnosis and treatment of plaintiff's injuries (CPLR 4518; *Moran v Demarinis,* 152 AD2d 546; *Davis v Robins Co.,* 99 AD2d 342, 347).

We reject defendants' claim, largely unpreserved (*see, Horton v Smith,* 51 NY2d 798), that certain remarks made by plaintiff's counsel during his opening statement and summation deprived them of a fair trial. The comments in question were either in response to remarks by opposing counsel or represented a fair comment on the evidence.

Finally, we find that the jury's award of $67,500 for past and future lost earnings is supported by the evidence (*Cohen v Hallmark Cards,* 45 NY2d 493, 499), and that the award of $225,000 for past and future pain and suffering does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; *see, Bennett v Cruz,* 168 AD2d 307; *Winther v Railroad Maintenance Corp.,* 169 AD2d 591, *lv denied* 77 NY2d 810).

We have considered defendants' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.