■ Anthony J. Erena et al., Respondents, v Colavita Pasta & Olive Oil Corporation, Appellant, and Great Garlic Foods, Inc., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. James B. Thompson, Third-Party Defendant, and Nasser G. Habeeb, Third-Party Defendant-Appellant. (And Two Other Related Actions.) [605 NYS2d 475] —Mikoll, J. Appeal from an order of the Supreme Court (Harris, J.), entered January 8, 1993 in Ulster County, which, *inter alia,* denied motions by various parties to strike the note of issue filed by plaintiffs.

Plaintiff Anthony J. Erena (herein plaintiff) allegedly suffered botulism poisoning as the result of ingesting garlic processed by defendant Great Garlic Foods, Inc. and found in olive oil manufactured by defendant Colavita Pasta & Olive Oil Corporation. The olive oil was distributed by third-party

defendant Nasser George Habeeb and his corporation, defendant Pasta & Oil Inc., to retailers (all defendants and/or third-party defendants are hereinafter collectively referred to as defendants). Plaintiff and his wife commenced an action to recover money damage for plaintiff's personal injuries and his wife's derivative losses. Plaintiff's treating physician was Leonard Pickard. In November 1991, following a pretrial conference, Supreme Court ordered, *inter alia,* that plaintiffs have until January 2, 1992 to determine if they intend to claim permanent injuries as a result of the botulism. If they claimed permanency they were to notify each of the attorneys for the parties by January 2, 1992 and were to secure a narrative report from a physician in support of their contentions and have the report served on the attorneys for the remaining parties. If the report was served, defendants' attorneys would then have a reasonable opportunity for a physical examination of any plaintiff making the claim for permanency.

Plaintiffs notified defendants by letter dated December 18, 1991 that plaintiff intended to claim permanency as required by the November 1991 order, but they failed to furnish defendants with a narrative report from a physician in support of the claimed permanency. By letter dated February 6, 1992, defendants rejected plaintiffs' purported compliance with the November 1991 order for failure to serve the narrative report and advised plaintiffs that they would take the position that plaintiffs were precluded from offering expert evidence of permanency at trial, absent full compliance with the November 1991 order. In August 1992, however, plaintiffs filed a note of issue and a certificate of readiness without having first supplied a narrative report. Defendants timely moved to strike the note of issue and to compel plaintiffs to submit the required narrative report concerning permanency or, in the alternative, to preclude plaintiffs from offering any evidence as to permanency. Supreme Court denied defendants' motions and directed that plaintiffs' note of issue be held in abeyance pending the service of an expert discovery response in compliance with CPLR 3101 (d) (1) (i) by plaintiffs.

We conclude that Supreme Court erred in failing to vacate the note of issue *(see,* 22 NYCRR 202.21 [e]; 202.17 [b] [1]; [g]). The record indicates that the certificate of readiness was filed although, under the November 1991 order, further discovery was anticipated. This violated 22 NYCRR 202.21 (e) relating to the service and filing of notes of issue with certificates of readiness *(see, Hodes v City of New York,* 165 AD2d 168, 169-170; *see also, Levy v Schaefer,* 160 AD2d 1182, 1183; *Fultz v*

*Benvenuti Props.,* 155 AD2d 794, 796; *compare, Bycomp, Inc. v New York Racing Assn.,* 116 AD2d 895).

We find no merit to plaintiffs' argument that they should not be precluded from offering at trial the testimony of Pickard, plaintiff's treating neurologist, based upon his office records and his examination of plaintiff in support of plaintiff's claim of permanent neurological defects. The rule is that a treating or examining physician will not be allowed to testify at trial absent an exchange of medical reports without a showing of good cause *(see,* 22 NYCRR 202.17 [h]). The physician's testimony, even absent a showing of good cause, may be allowed where it is based solely upon the medical records already admitted into evidence and not upon the physician's examination of the injured party *(see, Campoli v Lobmeyer,* 183 AD2d 1049, 1050; *Kirschhoffer v Van Dyke,* 173 AD2d 7, 9; *Markey v Eiseman,* 114 AD2d 887, 888; *Rivera v City of New York,* 107 AD2d 331, 335-336, *appeal dismissed* 66 NY2d 912).

Affidavits submitted in support of plaintiffs' position disclose that Pickard would be testifying based on his examination of plaintiff and not solely on medical records already in evidence. Thus, his expert testimony could not be received at trial absent good cause *(see, supra),* which plaintiffs have not demonstrated. Further, the admission of Pickard's expert testimony would be prejudicial* to defendants. Plaintiffs' assertion that they have sent a physician's narrative report to defendants is not supported by this record. The fact that Pickard did not cooperate in providing a narrative report is not a sufficient excuse for plaintiffs' failure to furnish defendants with the documents necessary to prepare a defense *(see, Lisec v Abrams,* 112 AD2d 145, 145-146). Additionally, the response pursuant to CPLR 3101 (d) (1) (i) as ordered by Supreme Court in the order under appeal does not comply with the requirements in the November 1991 order. Thus, plaintiffs should be barred from presenting Pickard's testimony or evidence of permanency *(see, Kirschhoffer v Van Dyke, supra,* at 9; *Jurgen v Linesburgh,* 159 AD2d 689, 691).

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied all motions to vacate

---

* Plaintiffs' brief indicates that plaintiffs' February 1990 bill of particulars alleges permanent injuries but the bill of particulars is not in the record on appeal and was not before Supreme Court. We will not consider it on this appeal *(see generally, Chimarios v Duhl,* 152 AD2d 508, 509).

plaintiffs' note of issue and certificate of readiness; said motions granted and plaintiffs are precluded from offering at trial the expert testimony or evidence of Leonard Pickard as to plaintiff Anthony J. Erena's permanency; and, as so modified, affirmed.