■ LOUIS GARTENHAUS, Appellant, v BOBOVER YESHIVA BNEI ZION, Respondent, et al., Defendant. [656 NYS2d 879] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an interlocutory judgment of the Supreme Court, Kings County (Greenstein, J.), entered July 11, 1994, as, after a jury trial on the issue of liability, adjudged the defendant Bobover Yeshiva Bnei Zion to be only 35% at fault in the happening of the accident, and (2) an order of the same court, dated August 7, 1995, which denied the plaintiff's motion, *inter alia*, to set aside the jury's apportionment of liability.

Ordered that the interlocutory judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the plaintiff's contention, the jury's apportionment of liability was supported by a fair interpretation of the evidence, since the credible evidence adduced at trial indicated that the nonappearing defendant owed a duty of care to the plaintiff, which duty was breached and which was a proximate cause of the plaintiff's injury (*see, Nicastro v Park*, 113 AD2d 129, 133).

Additionally, the provisions of CPLR article 16 applied as a matter of law, since the defendant Bobover Yeshiva Bnei Zion sustained its burden of proving its equitable share of liability under article 16 while the plaintiff failed to sustain his burden of proving the applicability of any of the article 16 exemptions (*see*, CPLR 1602, 1603). Rosenblatt, J. P., Miller, Ritter and Goldstein, JJ., concur.