■ GREGORY BAUMGARTEN et al., Respondents-Appellants, v MICHAEL SLAVIN et al., Appellants-Respondents, et al., Defendants. [680 NYS2d 658] —In an action, *inter alia*, to recover damages for medical malpractice, the defendants Michael Slavin and Long Island Jewish Medical Center appeal (1) from an order of the Supreme Court, Nassau County (O'Brien, J.), dated February 7, 1997, which, *inter alia*, denied their motion, among other things, (i) pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs and against them, and direct that judgment be entered in their favor as a matter of law, or (ii) for a new trial to establish the "equitable share of the damages" of the settling defendants Maurice Kendal, Donald Mauser, and Arthur A. Gold, in order to determine the amount by which the plaintiffs' claims against the appellants are to be reduced pursuant to General Obligations Law § 15-108 (a), (2) as limited by their brief, from so much of an order of the same court, dated May 6, 1997, as, upon reargument, denied that branch of their motion, *inter alia*, pursuant to CPLR 4404 (a), which was for a new trial on the issue of damages for the past and future pain and suffering of the plaintiff Gregory Baumgarten, and granted that branch of their motion which was for a new trial on damages for the loss of services suffered by the plaintiff Lynne Baumgarten only to the extent of directing a new trial on that issue unless Lynne Baumgarten stipulated to reducing the award for those damages to the

principal sum of $914,441, and (3) as limited by their brief, from stated portions of a judgment of the same court, entered December 29, 1997, which, among other things, is in favor of the plaintiff Gregory Baumgarten and against them in the principal sums of $2,000,000 for past pain and suffering and $3,000,000 for future pain and suffering, and in favor of the plaintiff Lynne Baumgarten and against them in the principal sum of $914,441 for loss of services. The plaintiffs cross-appeal, as limited by their brief, from so much of the judgment as upon (a), the granting by the court, on reargument, of those branches of the appellants' motion which were for a new trial on damages for past loss of earnings, future lost earnings, and loss of services, to the extent of directing a new trial on those issues unless the plaintiffs stipulated to reduced awards, and (b) the plaintiffs' stipulation to the reduction of those awards in the amounts directed by the court, reduced those awards.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the cross appeal is dismissed, as the plaintiffs are not aggrieved by those parts of the judgment which were entered upon their respective stipulations to reductions in damages; and it is further,

Ordered that the judgment is reversed, on the law, the facts, and as a matter of discretion, with costs, the claims of the plaintiff Gregory Baumgarten are severed from those of the plaintiff Lynne Baumgarten, the principal sum of $914,441 awarded to the plaintiff Lynne Baumgarten for loss of services is reduced by the sum of $300,000, attributable to the settlement of her causes of action against the defendants Maurice Kendal, Donald Mauser, and Arthur A. Gold, to the principal sum of $614,441, and a new trial is granted to the plaintiff Gregory Baumgarten limited to the issues of damages for past and future pain and suffering only, unless, within 30 days after service upon him of a copy of this decision and order with notice of entry, the plaintiff Gregory Baumgarten shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a stipulation consenting to reduce the verdict on the issue of damages for his past pain and suffering from the principal sum of $2,000,000 to the principal sum of $700,000, and to reduce the verdict on the issue of damages for his future pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,300,000, and to the entry of an amended judgment in his favor in the net principal sum of $943,800.38 ($700,000 for past pain and suffering, $1,300,000 for future pain and suffering, $250,000 for past lost earnings, and

$350,000 for future lost earnings, minus the sum of $1,200,000 attributable to the aforesaid settlement of the action, and minus the sums of $1,200,000 attributable to the aforesaid settlement of the action, and minus the sums of $174,188.80 and $282,010.82 attributable to collateral source payments to the plaintiff Gregory Baumgarten for past and future lost earnings, respectively). In the event that the plaintiff Gregory Baumgarten so stipulates, then the foregoing provision directing a severance is vacated and the judgment, as so reduced and amended, is affirmed, without costs or disbursements. In the event that the plaintiff Gregory Baumgarten does not so stipulate then the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages for his pain and suffering as aforesaid and for the entry of a reduced and amended judgment in favor of the plaintiff Lynne Baumgarten for damages for loss of services as aforesaid.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the appellants' contention, the plaintiffs adduced sufficient evidence from which the jury could rationally conclude that the plaintiff Gregory Baumgarten's condition was proximately caused by the negligence of the appellant Michael Slavin, a doctor who is a member of the faculty of the appellant Long Island Jewish Medical Center (*see, Mortensen v Memorial Hosp.,* 105 AD2d 151). Moreover, we find that the verdict in favor of the plaintiffs was not against the weight of the credible evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499).

However, we agree with the appellants that the award should be reduced by $1,500,000, which constitutes the amount paid to the plaintiffs by the settling joint tortfeasors (*see,* General Obligations Law § 15-108 [a]; *Harrison v Dombrowski,* 175 AD2d 37; *Bonnot v Fishman,* 88 AD2d 650, *affd* 57 NY2d 870). Further, we find that the awards of damages for past pain and suffering and future pain and suffering to the plaintiff Gregory Baumgarten were excessive to the extent indicated.

The parties' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur. [As amended by unpublished order entered March 22, 1999.]