■ ANNE P. WALKER, Respondent, v JOEL J. ZDANOWITZ, Defendant, and BERNARD RIMLER, Appellant. [696 NYS2d 509] —In an action to recover damages for medical malpractice and lack of informed consent, the defendant Bernard Rimler appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered September 2, 1997, which, upon a jury verdict finding him 40% at fault for the plaintiff's injuries and the defendant Joel J. Zdanowitz 60% at fault, and upon an order of the same court dated June 23, 1997, granting the motion of the defendant Bernard Rimler pursuant to CPLR 4404 (a) to the extent of reducing the verdict from the sum of $11,500,000 ($5,000,000 for past pain and suffering, $4,000,000 for future pain and suffering, and $2,500,000 for future medical expenses) to the sum of $7,000,000 ($3,500,000 for past pain and suffering, $1,500,000 for future pain and suffering, and $2,000,000 for future medical expenses), and upon the setoff from the plaintiff's settlement with the defendant Joel J. Zdanowitz, is in favor of the plaintiff and against him.

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, and (1) a new trial is granted on the apportionment of fault, and (2) a new trial is granted on the issue of damages for past pain and suffering and future medical expenses, unless, within 30 days of service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages from $3,500,000 to $2,500,000 for past pain and suffering and from $2,000,000 to $1,300,000 for future medical expenses, and to the entry of an amended judgment after the trial on apportionment of fault. In the event that the plaintiff so stipulates, then the judgment as to damages, as so decreased and amended, is affirmed. The finding of the jury on the issue of damages for future pain and suffering, as reduced by the Supreme Court, is affirmed.

The plaintiff commenced this medical malpractice action to recover damages for the failure of the appellant Dr. Bernard

Rimler and the defendant Dr. Joel J. Zdanowitz to timely diagnose her as suffering from peripheral vascular disease. As a result, both of her legs were amputated. The jury found the appellant to be 40% at fault and Dr. Zdanowitz to be 60% at fault.

Contrary to the appellant's contention, the plaintiff adduced sufficient evidence from which the jury could rationally conclude that his departure from good and accepted standards of medical care was a proximate cause of the plaintiff's injuries (*see, Baumgarten v Slavin,* 255 AD2d 538). Further, the jury's verdict as to the appellant's liability was not against the weight of the evidence (*see, Baumgarten v Slavin, supra*). However, the jury's apportionment of fault was not based on a fair interpretation of the evidence and must be set aside (*see, Glassman v City of New York,* 225 AD2d 658). The appellant, the plaintiff's internist, treated her for only a very brief time before and after referring her to Dr. Zdanowitz, a hematologist. The evidence demonstrated that the delay in diagnosing the plaintiff's condition was almost entirely attributable to Dr. Zdanowitz. Consequently, a new trial is granted on the issue of apportionment of fault.

Further, we find that the damages awarded for past pain and suffering and future medical expenses, even as reduced by the trial court, deviate materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]).

The appellant's remaining contentions are without merit. Ritter, J. P., Altman and McGinity, JJ., concur.

Goldstein, J., concurs in part and dissents in part and votes to affirm the findings of fact as to the apportionment of fault, with the following memorandum: The appellant Dr. Bernard Rimler was the plaintiff's primary care physician since 1984. On September 28, 1988, Dr. Rimler admitted the plaintiff to Booth Memorial Hospital with severe anemia. The plaintiff's hospital chart contained a notation that she was suffering from "[s]hortness of breath for one and a half months * * * inability to walk in her apartment". Dr. Rimler did not do a complete medical examination nor take a complete medical history with respect to her recent symptoms.

Dr. Rimler called the defendant Dr. Joel J. Zdanowitz, a hematologist, for a consultation. Dr. Zdanowitz noted on the plaintiff's consultation sheet that the plaintiff had suffered from leg cramps for one and one-half months. This consultation sheet was signed by Dr. Rimler.

Dr. Rimler admitted at the trial that if the plaintiff had been suffering from "intermittent claudication", that is, pain in the

legs and feet that increases with exertion, failure to order an aortogram to determine if she were suffering from peripheral vascular disease (hereinafter PVD) would be a departure from accepted medical practice. He further acknowledged that doing a complete medical examination and taking a complete medical history would be extremely important in diagnosing PVD. He claimed that the plaintiff could not have had PVD in September 1988 because her leg pain went away once she received a blood transfusion.

Two weeks later, the plaintiff's leg pain and shortness of breath returned. The plaintiff visited Dr. Rimler on October 11, 1988, and October 17, 1988, but Dr. Rimler again took no medical history. In a letter dated November 23, 1988, to Dr. Rimler, Dr. Zdanowitz noted that the plaintiff was still suffering from "some leg and foot cramping".

In January 1989 Dr. Zdanowitz referred the plaintiff to a vascular surgeon. In February 1989 the vascular surgeon's partner ordered an aortogram and an angiogram, which revealed PVD. Efforts to restore blood flow were unsuccessful, and both of the plaintiff's legs were amputated above the knee.

The plaintiff brought the instant action to recover damages for medical malpractice and lack of informed consent against both Dr. Zdanowitz and Dr. Rimler. The jury, after trial, found Dr. Rimler 40% at fault, and Dr. Zdanowitz 60% at fault. Dr. Zdanowitz settled for $950,000 after the verdict based upon a so-called "high-low" agreement reached prior to the verdict.

The apportionment of fault among defendants is generally a matter for the jury (*see, Donahue v Smorto,* 240 AD2d 464; *Rhoden v Montalbo,* 127 AD2d 645). The jury's determination should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence (*see, Rhoden v Montalbo, supra; Nicastro v Park,* 113 AD2d 129, 134). The majority does not disturb the finding that Dr. Rimler was at fault, and that his negligence was a proximate cause of the plaintiff's injury (*see, Gartenhaus v Bobover Yeshiva Bnei Zion,* 237 AD2d 407). The question of whether he should be charged with 40% of the fault involves questions of credibility, which are particularly within the province of the jury (*see, Seaman v Town of Babylon,* 231 AD2d 704; *Nitzke v Loveland,* 188 AD2d 1058). It is undisputed that although Dr. Rimler referred the plaintiff to Dr. Zdanowitz to treat her anemia, he remained responsible for her general care. He admitted that he failed to perform a complete medical examination in September 1988, and did not take a complete medical history. The plaintiff's expert witness testified at the trial that this was a "significant

departure" from good and accepted medical practice. Thereafter, Dr. Zdanowitz alerted Dr. Rimler that the plaintiff was still suffering from leg cramping, but he still did nothing.

On this record, it cannot be said that the jury's apportionment of 40% of the fault to Dr. Rimler is unsupported by any fair interpretation of the evidence. Accordingly, the findings of fact as to apportionment of fault should not be disturbed.