■ Kevin O'Brien, Appellant, v Dan Golan, Respondent. [726 NYS2d 429] —Judgment, Supreme Court, New York County (Louis York, J., and a jury), entered April 12, 2000, dismissing the action upon findings that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

The various points of error urged by plaintiff do not warrant any relief. While it was error to exclude photographs of plaintiff's feet taken shortly after the accident since, even if not sent directly to defense counsel, counsel was aware of them from the references thereto in his own expert's medical report (see, Freeman v Kirkland, 184 AD2d 331), the error was harmless.

Plaintiff's claim that the trial court deprived him of the expert of his choice is not preserved for appellate review. At trial, plaintiff indicated only that he wanted to call the expert in question as a replacement for his treating physician, who was unavailable, a situation that was resolved by the court's adjournment of the case to allow for the treating physician's attendance. In any event, the treating physician's testimony was the same as plaintiff's offer of proof with respect to his newly retained expert.

Any error in attempting to cross-examine plaintiff concern-

ing a patient registration form was rendered harmless by the subsequent admission of that document into evidence.

Plaintiff consented to the court's charge on permanent consequential limitation of use, which, in any event, essentially incorporated New York Pattern Jury Instructions 2:88F that plaintiff argues should have been charged. The court properly refused to charge that a "significant disfigurement" can constitute a serious injury since the barely perceptible loss of half a nail on the second toe is not a disfigurement that a reasonable person would view as unattractive, objectionable or "the subject of pity and scorn" (*Abdulai v Roy*, 232 AD2d 229).

The court also properly refused to charge on aggravation of a preexisting injury since plaintiff's position throughout the trial was that all of his injuries resulted solely from the accident in question. Plaintiff did not object to the court's decision to give an instruction on statement against interest concerning defendant's deposition testimony, rather than a missing witness charge. In any event, any error in that regard was rendered harmless by the jury's finding against plaintiff on the threshold issue of serious injury, an issue upon which defendant, the driver of the car that struck plaintiff, had no knowledge and could not testify.

Finally, the verdict is not against the weight of the evidence, which included defendant's expert's testimony that the condition of plaintiff's foot was caused by a preexisting injury, plaintiff's admission that he had previously broken his toe, and plaintiff's expert's own medical notes indicating, at least initially, that X-rays were negative for evidence of recent trauma and were consistent with a soft tissue injury. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.