OPINION OF THE COURT
Anthony I. Giacobbe, J.
On the second day of jury trial in this medical malpractice action, the defendant made an oral application to preclude the proposed medical testimony of plaintiff Kathryn Mendola’s treating physicians, Drs. Brandéis, Mann and Edwards, as *700 well as plaintiff’s treating psychologist, Dr. Glazer, upon the ground, that plaintiff failed to provide medical reports of these doctors in accordance with the provisions of 22 NYCRR 202.17, entitled “Exchange of medical reports in personal injury and wrongful death actions.” The plaintiff acknowledges that no such reports were provided to the defense, and asserts that none were exchanged because the doctors did not prepare any reports.
The court recognizes the apparent imperative which this rule prescribes with respect to an injured party’s obligation to ensure that such reports are prepared and provided to the defense, and that pursuant to subdivision (h) of this rule, the failure to exchange medical reports, absent good cause shown and in the interests of justice, may result in the preclusion of testimony by the treating or examining medical providers. (See, e.g., Ciriello v Virgues, 156 AD2d 417 [2d Dept 1989]; see also, Berson v Chowdhury, 251 AD2d 278 [2d Dept 1998]; Baden v Peterson Trust, 190 AD2d 705 [2d Dept 1993].)
For the following reasons, the defendant’s motion to preclude the testimony of the plaintiff’s treating doctors is denied.
First, the instant application is inexcusably tardy. The rules of this court, which were provided to, and discussed with, counsel prior to the start of trial, clearly inform the parties, inter alia, that: “Any potential evidentiary question or procedural or substantive law matter not previously adjudicated shall be brought to the Court’s attention and addressed prior to trial by way of a written or oral motion in limine. * * * Failure to comply with these Court Rules shall be addressed appropriately * * * -”[1]
Moreover, 22 NYCRR 202.17 (j) provides that any party may move to compel compliance with this rule or any provision thereof, and the Appellate Division, Second Department, has noted that “the rules anticipate that normally a defect in compliance should be addressed at the calendar stage of litigation.” (Valenti v Chanice, 75 AD2d 850 [2d Dept 1980]; accord, Rhoden v Montalbo, 127 AD2d 645 [2d Dept 1987].) Here, the defendant did not move to compel compliance until after the jury had been selected and the trial itself was well underway, though certainly there was ample opportunity to do so. Counsel for the defense cannot credibly argue that prior to *701 the date this motion was made, he was unaware of the plaintiff’s alleged noncompliance with 22 NYCRR 202.17. The failure to raise this issue in a timely fashion is unjustifiable, and the court rejects the defendant’s motion as untimely under the court’s own trial rules, as well as under 22 NYCRR 202.17. (Compare, Rhoden v Montalbo, supra; Freeman v Kirkland, 184 AD2d 331 [1st Dept 1992].)
Moreover, the plaintiff asserts that medical reports were not exchanged because the doctors did not prepare any reports. This proffered reason alone is not sufficient to relieve her obligation under the rules. (Ciriello v Virgues, supra.) However, the court finds that the plaintiff’s failure to provide medical reports to the defendant was not willful. The intent of 22 NYCRR 202.17 is to provide an adversary with information necessary to defend an action, and to prevent surprise, and the court finds that the plaintiff’s noncompliance was not calculated to put the defendant at an unfair disadvantage. And, the interests of justice and good cause requirement, which a party must meet in order to avoid preclusion of medical expert testimony where medical reports have not been provided, is “concerned less with the excuse offered for the failure to timely serve the report than it is with a party’s need for the medical proof, the availability of alternate sources and the adverse party’s preparedness to cross-examine” with respect to the evidence based upon a report which was not provided in accordance with the rules. (McDougald v Garber, 135 AD2d 80, 94 [1st Dept 1988], mod on other grounds 73 NY2d 246 [1989].)
Here, the defense was sufficiently apprised of the nature and substance of the proposed testimony of the plaintiff’s treating doctors, and can hardly now claim surprise or prejudice because the plaintiff did not supply medical reports from her treating doctors. The defense extensively questioned the plaintiff during her examination before trial about her various doctors and the treatment she received, and the defense acknowledged that it was aware of the names of the plaintiff’s treating doctors well in advance of trial, had been provided with medical authorizations to obtain the plaintiff’s medical records from those doctors, and in fact had the plaintiff’s medical and hospital records in its possession prior to the start of trial. (See, McDougald, supra; Rhoden, supra; Freeman, supra.)
Furthermore, without the testimony of her treating doctors, the plaintiff will be unable to offer any evidence in support of her case. (See, McDougald, supra; Rhoden, supra.) However, in order to safeguard the defendant from the possibility of any *702 unfair prejudice, the court expressly limits the scope of testimony proffered by the plaintiff’s treating doctors to matters set forth in the plaintiffs hospital and medical records. (Compare, Erena v Colavita Pasta & Olive Oil Corp., 199 AD2d 729 [3d Dept 1993]; Kelly v Tarnowski, 213 AD2d 1054 [4th Dept 1995]; compare also, Zimmerman v Jamaica Hosp., 143 AD2d 86 [2d Dept 1988].)
Thus, in the instant case, for the reasons stated herein, plaintiffs noncompliance with 22 NYCRR 202.17 will not operate to bar the admission into evidence of testimony proffered by the plaintiff’s treating doctors.

. The rules of Supreme Court, Richmond County (Giacobbe, J.), were most recently published in the May 2002 edition of the New York Law Journal Judge’s Part Rules (TP 9, Trials (1), at 39).