*41 OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, underlying order dismissing the action vacated, complaint reinstated, and matter remanded to the court below for all further proceedings consistent herewith. Plaintiff shall furnish defendant with the reports of Dr. Fernandez within 20 days of the date of the order entered hereon, if not previously provided.
In this action to recover damages for personal injuries arising out of an automobile accident which occurred on August 7, 1994, defense counsel informed the trial court, immediately prior to jury selection, that she had not been served with the medical reports of the chiropractor who had treated the plaintiffs in connection with the injuries allegedly sustained in the accident, for which a proper demand had been made. Although plaintiffs’ counsel claimed that the medical reports were served, he was unable to provide the court with sufficient proof. The trial court then precluded plaintiffs’ counsel from offering at trial any evidence regarding the chiropractor’s treatment of plaintiffs, due to counsel’s failure to comply with the rules governing the exchange of medical reports (see 22 NYCRR 208.13 [b], [h]), and dismissed the action.
Normally, a party’s noncompliance with the rules governing the exchange of medical reports should be addressed at the calendar stage of litigation (see Rhoden v Montalbo, 127 AD2d 645 [1987]; Valenti v Chanice, 75 AD2d 850 [1980]). In our opinion, under the circumstances presented, the court improvidently exercised its discretion in ordering preclusion of the testimony of plaintiffs’ chiropractor, and in dismissing the action. Any prejudice suffered by defendants could have been remedied by affording defense counsel an opportunity to review the reports, which were allegedly not exchanged, prior to the damages phase of this bifurcated trial, since the testimony of the chiropractor was only relevant to that aspect of the case.
Pesce, EJ., and Rios, J., concur; Patterson, J., taking no part.