■ SAQUINA CRAWFORD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And a Third-Party Action.) [824 NYS2d 342]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated January 21, 2005, which, upon separate jury verdicts on the issues of liability and damages, finding it 60% at fault in the happening of the accident and the third-party defendant 40% at fault, and awarding the plaintiff damages in the sums of $350,000 for past pain and suffering and $350,000 for future pain and suffering, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff for past and future pain and suffering; as so modified, the judgment is affirmed, with costs to the defendant, and a new trial is granted on the issues of damages for past and future pain and suffering, unless within 30 days af-

ter service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $350,000 to the sum of $250,000, and for future pain and suffering from the sum of $350,000 to the sum of $250,000; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence. . . Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witnesses" (*Kinney v Taylor*, 305 AD2d 466, 467 [2003] [citations omitted]; *see generally Nicastro v Park*, 113 AD2d 129 [1985]). The apportionment of fault among defendants is generally an issue of fact for the jury (*see Donahue v Smorto*, 240 AD2d 464 [1997]; *Rhoden v Montalbo*, 127 AD2d 645 [1987]), and its apportionment should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence (*see Rhoden v Montalbo, supra; Nicastro v Park, supra*).

The plaintiff sustained injuries as a result of an attack by two pit bulls owned by the third-party defendant Kenneth D'Antignac on September 9, 2000. The defendant New York City Housing Authority (hereinafter the NYCHA), which owned the complex in which D'Antignac resided, had received a complaint on April 6, 1998, stating that one of D'Antignac's dogs had killed a poodle. The NYCHA did not schedule a hearing on the matter until April 5, 2000, which was later adjourned until August 10, 2000. The August 10th hearing was also adjourned and rescheduled for September 2000; the plaintiff was attacked prior to the hearing. The NYCHA had received additional reports regarding D'Antignac's dogs on August 3, 1999 and February 18, 2000.

Based on the foregoing evidence, the jury's apportionment of fault of 40% to D'Antignac and 60% to the NYCHA was based on a fair interpretation of the evidence (*see Rhoden v Montalbo, supra; Nicastro v Park, supra*).

However, under the circumstances presented, we find that the awards of $350,000 for past pain and suffering and $350,000 for future pain and suffering materially deviated from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Wilson v Livingston*, 305 AD2d 585, 585-586

[2003]; *Shurgan v Tedesco*, 179 AD2d 805, 806 [1992]; *see generally Harvey v Mazal Am. Partners*, 79 NY2d 218, 225 [1992]; *Bonilla v New York City Tr. Auth.*, 295 AD2d 297 [2002]).

The remaining contentions of the NYCHA do not require reversal. Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.