Ferrantello Land Surveying, P.C. v MJM Assoc. Constr. LLC (2024 NY Slip Op 50850(U))

[*1]

Ferrantello Land Surveying, P.C. v MJM Assoc. Constr. LLC

2024 NY Slip Op 50850(U)

Decided on July 7, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2024
Supreme Court, Kings County

Ferrantello Land Surveying, P.C. d/b/a FERRANTELLO GROUP, Plaintiff,

against
MJM Associates Construction LLC, SAFDI PLAZA REALTY INC. 
 And JOHN DOE "1" through JOHN DOE "5", Defendants.

Index No. 510665/2019

Law Offices of Thomas A. Farinella, PC, Manhattan (Thomas A. Farinella of counsel), for plaintiff.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff in Support of Motion
NYSCEF Doc No. 57: Notice of Motion
NYSCEF Doc No. 58: Thomas Farinella Affirmation in Support
NYSCEF Doc No. 59: Exhibit 1, Verified Complaint
NYSCEF Doc No. 60: Exhibit 2, Answer with Counterclaims
NYSCEF Doc No. 61: Exhibit 3, Verified Answer to Counterclaims
NYSCEF Doc No. 62: Exhibit 4, Order to Show Cause & Papers re Withdrawal of Counsel
NYSCEF Doc No. 63: Exhibit 5, Order Relieving Defendant's Counsel
NYSCEF Doc No. 64: Exhibit 6, Notice of Entry of Order
NYSCEF Doc No. 65: Exhibit 7, Affidavit of Service
NYSCEF Doc No. 66: Affidavit of Service of Plaintiff's Motion for Default Judgment
NYSCEF Doc No. 67: Proposed Order & Judgment
[*2]Submitted by Court
NYSCEF Doc No. 68: Transcript of Proceedings
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.[FN1]
Background
This motion for a default judgment arises out of a contract dispute between Plaintiff Ferrantello Land Surveying, P.C. d/b/a Ferrantello Group ("Ferrantello"), a New York business, and Defendants MJM Associates Construction LLC ("MJM"), a New York limited liability company, and Safdi Plaza Realty Inc. ("Safdi"), a New York corporation.
Between December 2015 and March 2016, Ferrantello entered into several agreements to provide surveying services for MJM. Ferrantello performed those services between January 2016 and May 2016. On May 13, 2019, however, Ferrantello brought an action against Defendants Safdi, and MJM, as the apparent agent of Safdi, alleging that they had failed to pay Ferrantello the full amount agreed upon in return for those services.
MJM never filed an answer in response to Ferrantello's complaint. On July 2, 2019, Safdi filed an answer with counterclaims. On July 22, 2019, Ferrantello filed its answer to Safdi's counterclaims. On July 30, 2019, Safdi filed a new answer with counterclaims, to which Ferrantello objected.
On October 19, 2020, a preliminary conference was held. The Court entered a preliminary conference order which included a December 10, 2019 ADR Mediation date. However, because of a clerical oversight, Ferrantello failed to enter the ADR Mediation date. The Court rescheduled the ADR Mediation for January 31, 2020. Despite the matter being rescheduled by the Court, Ferrantello never received notice of the new ADR date; Ferrantello's counsel was informed that a notice was sent via e-courts to which Ferrantello's counsel was not subscribed at the time. A default was entered for Ferrantello's failure to appear on January 31, 2020, dismissing Ferrantello's case and setting the matter down for an inquest on March 5, 2020.
On February 24, 2020, Ferrantello filed an order to show cause to vacate the dismissal, which the Court granted on March 18, 2020. Then the COVID-19 pandemic hit. On September 28, 2022, the Court entered a final-pre-trial order. Ferrantello served discovery demands in accordance with the order. Neither Defendant responded to the demands nor served any demands themselves.
On January 26, 2023, counsel for Safdi filed an order to show cause to withdraw, which the court granted in an order on March 3, 2023. The Court's stay of activity in the action [FN2]
expired on May 1, 2023; Safdi did not retain new counsel.
On March 19, 2024, Ferrantello moved for default judgments against both Defendants. [*3]First, it argued that under New York law, a corporate entity must be represented by counsel in order to defend against litigation; Safdi had not been represented by counsel for over 11 months after the court had initially granted it 60 days to find counsel. Second, it argued that a default judgment should be entered against MJM for its failure to answer.
Although Ferrantello noticed its motion for a default judgment for March 29, 2024, oral argument on Ferrantello's motion was scheduled by the court's calendaring system for May 31, 2024.[FN3]
Notably, Ferrantello did not send Defendants notice about the rescheduled argument date by any one of the three methods enumerated in this Court's Part Rules, but by regular first-class mail only according to counsel, and did not file any proof of such service.

Discussion
This Court's Part Rules provided the following at the time this motion was rescheduled by the Motion Support Office:[FN4]

Notifying certain parties of motion calendar date. If there are parties who have not appeared in the action and against whom a default judgment has not been entered, if there are self-represented parties, or if counsel is seeking to be relieved from representing a party, counsel for the movant shall notify them of the original motion calendar date and any adjourned motion calendar date as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (d) to known email addresses, regardless of the motion papers having been previously served. Said notice shall include a summary of the relief sought, the Court's address and courtroom number, and a copy of these Part Rules. Proof of service of such notice shall be filed. This is in addition to such other service as may have been effectuated in compliance with statute or general court rules (e.g., a filing in NYSCEF) or in an order to show cause. (Hon. Aaron D. Maslow: Part 2 Rules, Part I, Subpart C, § 2.)
It is well established that a trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. McGee v Bishop, 192 AD3d 1446 [3d Dept 2021] [page-limit for memoranda of law]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital [*4]records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted on three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business."]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
In determining whether to enforce a court rule or excuse noncompliance with it, one should look at the rule's intent (see Mendola v Richmond OB/GYN Assoc., 191 Misc 2d 699 [Sup Ct, Richmond County 2002]). For example, this Court has previously required a movant to file a prior decision in its papers for a motion to reargue: "Without providing the court with a copy of the decision, this Court cannot render an informed decision on the merits of the prior decision" (Brick&Mortar LLC v Momo Sushi Inc., 2023 NY Slip Op 50838[U], *3).
The reason behind this Court's requirement for counsel to notify an opposing party of an adjourned motion calendar date via (a) first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) certified mail, return receipt requested to all known residence and business addresses, and (c) email to known email addresses, can best be summarized by Ferrantello's own counsel: "To ensure that all parties are on notice" (transcript at 8, line 25, through 9 line 1).
Here, Ferrantello failed to notify either Defendant, MJM or Safdi, of the rescheduled motion calendar date via the methods prescribed by the Court. And even if Ferrantello had notified said Defendants via one of those methods, this Court would have no way of verifying that service was adequate because Ferrantello never filed any proof of service.
Moreover, the Court notes that Ferrantello is itself a beneficiary of the judicial system's rules on notice. The Court had scheduled an ADR Mediation for January 31, 2020, at which Ferrantello failed to appear because Ferrantello's counsel never received notice of the adjourned ADR date. Accordingly, a default entered against Ferrantello was later vacated by the Court. Principles of equity dictate that Defendants be granted the same opportunity to be heard here. Inasmuch as MJM, who never entered an appearance, and Safdi, which is now lacking counsel, would have no way to know that the motion was rescheduled to May 31, 2024, this Court cannot in good conscience enter default judgments against them. They were entitled to know the date in case they wanted to appear and plead their case against the granting of a default judgment.

Conclusion
IT IS HEREBY ORDERED AS FOLLOWS:
Plaintiff Ferrantello's motion for default judgments is DENIED. However, this determination is not on the merits and without prejudice to resubmit and re-serve a motion for default judgments — no later than August 15, 2024. When doing so, Plaintiff Ferrantello shall comply with all relevant Part Rules.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:. A stay of activity is routinely included in an order granting counsel's application to be relieved of representing a party.

Footnote 3:. It is exceedingly rare in Supreme Court, Kings County, that a date listed in a notice of motion will be the actual date for oral argument. The Court's Motion Support Office reschedules the motion to another date on the assigned Justice's motion calendar.

Footnote 4:. This provision is set forth in Part II, Subpart C, § 2 in the version of the Rules which became effective June 3, 2024 (see Hon. Aaron D. Maslow: Part 2 Rules, at 
https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml).