■ MARGARET QUAGLIO et al., Respondents, v LAURA TOMASELLI et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc. defendants Laura Tomaselli and McNamara Leasing, Inc., appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered July 23, 1982, which, after a jury trial, awarded plaintiff Margaret Quaglio the principal sum of $60,000 and plaintiff Richard Quaglio the principal sum of $8,000. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The questions to be resolved on this appeal are whether the trial court erred (1) in admitting into evidence the police accident report of Police Officer Kenneth Krieg; (2) in failing to charge the jury on the threshold issue of serious injury under subdivision 4 of section 671 of the Insurance Law; and (3) in including in its charge for loss of services, instructions relating to future pecuniary loss, where the plaintiffs were separated at the time of trial. We answer these questions in the affirmative. On October 20, 1978, plaintiff Margaret Quaglio was injured when her automobile and an automobile operated by defendant Laura Tomaselli, and owned by defendant McNamara Leasing, Inc., collided at the intersection of route 112 and county road 83 in Brookhaven, New York. After the impact with the Tomaselli vehicle, Mrs. Quaglio's car came into contact with a vehicle owned and operated by Angelo Gagliano which was stopped at a red light on county road 83. Alleging serious injury and a right of recovery under subdivision 4 of section 671 and section 673 of the Insurance Law, Mrs. Quaglio brought this action against Laura Tomaselli, McNamara Leasing, Inc., and Angelo Gagliano, claiming that she sustained cuts on her scalp and a cerebral concussion with postconcussion syndrome. Her husband, Richard Quaglio, sought recovery for loss of services. Defendants denied the allegations, contended that the accident was caused by Mrs. Quaglio's own culpable conduct, and cross-claimed for indemnification. Thereafter, defendant Gagliano was granted summary judgment dismissing the complaint and cross claim against him. At trial, there was conflicting testimony as to how the accident occurred. Mrs. Quaglio testified that as she was entering the intersection traveling south on route 112, defendant Laura Tomaselli made a left-hand turn from the northbound lane, striking her car on the driver's side. Another witness, who saw the accident and testified on behalf of plaintiffs, stated that Ms. Tomaselli made a left-hand turn into Mrs. Quaglio's car. However, he conceded on cross-examination that his vision had been blocked by an ambulance passing through the intersection. Ms. Tomaselli denied that she made a left-hand turn, stating that

her car was at a standstill when Mrs. Quaglio's car skidded and struck her car. Her account of the accident was essentially corroborated by a passenger in her vehicle. Over the vehement objections of defense counsel, the court admitted in evidence a police accident report prepared by Police Officer Kenneth Krieg. Krieg, who did not witness the accident, based the report on a conversation he had with Angelo Gagliano. The report contained both Gagliano's statement that the Tomaselli vehicle made a left turn in front of the Quaglio vehicle and an accident diagram showing Tomaselli's car in the process of making a left-hand turn. Gagliano, however, was under no duty to report the accident to Officer Krieg, and his statement does not qualify as a declaration against interest or as some other hearsay exception (see *Johnson v Lutz,* 253 NY 124; *Murray v Donlan,* 77 AD2d 337, app dsmd 52 NY2d 1071; *Toll v State of New York,* 32 AD2d 47). Nor is there any evidence that the diagram was based on postaccident expert analysis of observable physical facts (see *Murray v Donlan, supra*). Since the report contained hearsay statements relevant to ultimate issues of fact in the instant case, its admission in evidence constituted prejudicial and reversible error. A second issue is whether the trial court erred in failing to charge the jury on the threshold issue of "serious injury" under subdivision 4 of section 671 of the Insurance Law. Defense counsel requested the court to charge the jury that it could not award damages for pain and suffering unless it found that Mrs. Quaglio sustained a "permanent and substantial" injury or loss of function. Although the proposed charge was inappropriate because subdivision 4 of section 671 of the Insurance Law does not mandate that an injury be both permanent and substantial to qualify as "serious", it was sufficient to alert the court that defendants desired that the threshold issue be submitted to the jury for determination. The court's failure to charge the jury on the threshold issue of "serious injury" under the no-fault insurance law constituted reversible error (see *Kaiser v Edwards,* 98 AD2d 825). Mrs. Quaglio testified that she suffered from headaches and dizziness and that for at least five months after the accident she was unable to perform her usual household chores, tend to her infant child, or resume work at her part-time job. Her psychiatrist, Dr. Leonard Jasen, under whose care she remained at the time of trial, testified that Mrs. Quaglio suffered from a postconcussion syndrome, posttraumatic stress disorder and depression neurosis. He also stated that, in his opinion, the accident caused Mrs. Quaglio's condition, "certain [aspects of which] will always be permanent". This testimony constituted sufficient evidence from which a jury might reasonably conclude that plaintiff Margaret Quaglio sustained serious injury within the meaning of the no-fault insurance law (see, e.g., *Harris v St. Johnsbury Trucking Co.,* 57 AD2d 127; cf. *Licari v Elliott,* 57 NY2d 230). Apart from the error in the failure to charge, this threshold issue should have been submitted to the jury as a question requiring a special finding (see *Harris v St. Johnsbury Trucking Co., supra; Sanders v Rickard,* 51 AD2d 260). Finally, we turn to Richard Quaglio's claim for loss of services which resulted in an award of $8,000. Mr. Quaglio never testified at the trial but Mrs. Quaglio testified that her husband had taken care of their infant child in the evenings for some period after the accident. She also testified that while their four-year marriage had been a happy one prior to the accident, it began to deteriorate about six months afterwards, and they were currently separated, and a divorce action was pending between the parties. The trial court, however, instructed the jury that it could include in its award pecuniary loss which Richard Quaglio was reasonably certain to sustain in the future. In view of Mrs. Quaglio's alleged psychiatric condition, and the testimony as to its permanence, the jury should have been told how to consider the likelihood of reconciliation, for without those instructions, the charge as to future loss of services was meaningless.

Since we cannot determine what portion, if any, of the award to Mr. Quaglio was for future loss of services, that award also must be reversed. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.