■ LINDA LOUCAS et al., Appellants-Respondents, v A & A TRUCKING COMPANY et al., Respondents-Appellants.—In a negligence action to recover damages for personal injuries arising out of an automobile accident, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Hyman, J.), dated March 5, 1986, which, after a jury trial, granted the defendants' motion to set aside the verdict as to damages as excessive, and granted a new trial on the issue of damages only, unless the plaintiff Linda Loucas consented to a reduction of damages from $150,000 to $50,000, and unless the plaintiff Sydne Cacavalle consented to a reduction of damages from $65,000 to $25,000, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as, *inter alia,* denied their motion to set aside the verdict as to liability.

Ordered that the order is modified, on the law and the facts and as an exercise of discretion, by (1) deleting from the third decretal paragraph thereof the words "unless the plaintiffs Linda Loucas and Sydne Cacavalle stipulate to accept damages in the amount of $50,000 and $25,000, respectively, and plaintiffs have refused to so consent," and substituting therefor the words "unless the plaintiffs Linda Loucas and Sydne Cacavalle stipulate to accept damages in the amount of $75,000 and $40,000 respectively;" and, by (2) deleting the fourth decretal paragraph thereof and substituting therefor the following provision: "ordered that a new trial is granted on the issue of damages only unless the plaintiffs shall serve and file in the office of the clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict

as to damages to the principal sums of $75,000 and $40,000 respectively"; as so modified, the order is affirmed, without costs or disbursements; the plaintiffs' time to file a stipulation is extended until 30 days after service upon the plaintiffs' attorney of a copy of this decision and order, with notice of entry.

The plaintiffs Linda Loucas and Sydne Cacavalle were crossing the street when a van driven by the defendant Ray Conn turned the corner and struck them both, causing them to sustain certain injuries. At trial, although the jury found that both the plaintiffs and the defendants had been negligent, it found that only the defendant driver's negligence was a proximate cause of the plaintiffs' injuries. The plaintiffs were awarded a jury verdict in the amount of $150,000 and $65,000, respectively, and upon the defendants' motion, the court ordered a new trial unless the plaintiffs stipulated to accept the reduced amounts of $50,000 and $25,000, respectively. This appeal and cross appeal ensued.

The defendants maintain that the trial court's failure to submit to the jury the threshold issue of serious injury under the no-fault insurance law constitutes reversible error *(see, Quaglio v Tomaselli,* 99 AD2d 487; *Spells v Foley,* 84 AD2d 786, *appeal dismissed* 55 NY2d 922). It is incumbent upon the court to decide in the first instance whether the plaintiff has established a prima facie case of "serious injury" as defined by Insurance Law § 5102 (d) *(Licari v Elliott,* 57 NY2d 230). In the present case, the court correctly determined that both the plaintiffs had indeed established a prima facie case of serious injury. Accordingly, it should then have submitted that issue to the jury for a special finding *(see, Quaglio v Tomaselli, supra; Spells v Foley, supra).* However, the defendants did not except to the court's failure to do so and this inaction constituted a waiver of the defendants' rights to raise this issue on appeal (CPLR 4110-b; *see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, *rearg denied* 52 NY2d 829). Although we may under certain circumstances consider an error in the court's charge despite counsel's failure to take timely exception thereto *(see, e.g., Ferreira v New York City Tr. Auth.,* 79 AD2d 596; *Caceres v New York City Health & Hosps. Corp.,* 74 AD2d 619), upon the record there is no error of a fundamental nature which would serve as the basis for the invocation of our interest of justice jurisdiction.

While we are in accord with the trial court's conclusion that the plaintiffs' injuries do not warrant the verdicts awarded by the jury, we have found the amounts to which the trial court

required the defendants to stipulate in order to avoid a new trial to be insufficient to the extent indicated. We have examined the defendants' remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Eiber and Kunzeman, JJ., concur.