■ ELIZABETH SMALL, Respondent, v ARNOLD ZELIN et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated February 24, 1987, which, after a jury trial on the issue of

damages only, is in favor of the plaintiff and against them in the principal sum of $90,000.

Ordered that the judgment is affirmed, with costs.

On July 17, 1985, at about 4:30 A.M., the plaintiff was one of three passengers in a car owned by the defendant Edith Zelin and operated by the defendant Arnold Zelin. As the car was traveling over the Ponquogue Bridge in Hampton Bays, New York, there was a sudden impact. The car went off the bridge, landed in the water, and started to sink. The driver and one other passenger escaped from the car but the plaintiff was pinned down for some time by the body of the third passenger who eventually died. The plaintiff was finally able to escape from the car and she held onto a pillar of the bridge until a State Trooper rescued her.

The plaintiff was taken to Southampton Hospital where she complained of pain in her head and knee and a cut on her right knee was sutured. Later that day, the plaintiff went to Mather Memorial Hospital where she complained of pain in her head, neck and knee. An X ray of her head was taken and a soft cast was placed on her knee.

The plaintiff visited Dr. Parlatore, a psychiatrist, on July 30, 1985 and on four other occasions with respect to her depression, apathy, terror and recurring nightmares about the accident. She exhibited signs of acute and chronic posttraumatic stress disorder. On August 20, 1985, the plaintiff discontinued seeing the psychiatrist and has since received no other medical treatment. The plaintiff had resumed her former employment as a part-time waitress and gradually increased it to full-time employment. However, she never returned to Southampton College as a student, nor to her former position as a music director for the college radio station.

At the commencement of the trial, the defendants conceded that they were liable for the plaintiff's injuries, and the trial proceeded on the issue of damages only.

As we have stated previously, "[i]t is incumbent upon the court to decide in the first instance whether the plaintiff has established a prima facie case of 'serious injury' as defined by Insurance Law § 5102 (d) (*Licari v Elliott*, 57 NY2d 230)" (*Loucas v A & A Trucking Co.*, 134 AD2d 326, 327; *see, Quaglio v Tomaselli*, 99 AD2d 487; *Spells v Foley*, 84 AD2d 786, *appeal dismissed* 55 NY2d 922). In the instant case, the trial court correctly determined, as a matter of law, that the plaintiff had established a prima facie case of serious injury. The court should, therefore, have submitted the issue to the

jury for a special finding *(see, Loucas v A & A Trucking Co., supra,* at 327; *Quaglio v Tomaselli, supra,* at 488; *Spells v Foley, supra).* Nevertheless, the error does not warrant reversal under the circumstances of this case. In view of the plaintiff's unrefuted medical evidence, the jury's determination to award damages to the plaintiff rested upon a preponderance of the evidence adduced at the trial and was proper. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.