■ PHYLLIS BROWN, Respondent, v MARY STARK et al., Appellants. [613 NYS2d 705] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Barone, J.), dated April 22, 1992, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal amount of $300,000.

Ordered that the judgment is affirmed, with costs.

On February 26, 1990, the plaintiff's vehicle, while stopped at a stop sign, was struck in the rear by a vehicle driven by the defendant Mary Stark. At trial, the plaintiff testified that she has suffered headaches, neck pain, and back pain since the accident, as well as pain radiating down her leg and up her arm. The plaintiff further testified that because she was unable to sit for long periods of time, she switched from full-time to part-time employment. Both the plaintiff's and defendants' expert witnesses testified that the plaintiff suffered from a herniated disc at the L-5/S-1 vertebra of the lumbar spine.

The defendants contend that the Supreme Court's failure to place the definition of serious injury on the verdict sheet constitutes reversible error. It is incumbent upon the court to decide in the first instance whether the plaintiff has established a prima facie case of "serious injury" as defined by Insurance Law § 5102 (d) (see, Licari v Elliott, 57 NY2d 230). Here, the Supreme Court correctly determined, as a matter of law, that the plaintiff had established a prima facie case of serious injury. Accordingly, it should then have submitted that issue to the jury for a special finding (see, Loucas v A & A Trucking Co., 134 AD2d 326, 327; Quaglio v Tomaselli, 99 AD2d 487). Although the Supreme Court did instruct the jury that it should determine whether the plaintiff sustained serious injury, the court failed to include this question on the verdict sheet. However, the defendants' failure to object to the verdict sheet constitutes a waiver of this issue on appeal (see, CPLR 4110-b).

In addition, contrary to the defendants' contention, considering the nature and consequence of the injuries sustained by the plaintiff, the verdict did not deviate materially from what would be reasonable compensation (see, CPLR 5501; Orris v West, 189 AD2d 866; DeSisto v New York City Tr. Auth., 151 AD2d 639).

We have examined the defendants' remaining contention

and find it to be without merit. Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.