■ Patricia Donahue et al., Respondents, v Catherine Smorto et al., Appellants. [658 NYS2d 650] —In an action to recover damages for personal injuries, etc., the defendants separately appeal from so much of a judgment of the Supreme Court, Kings County (Shaw, J.), dated May 15, 1996, as, upon a jury verdict finding the defendant Catherine Smorto 75% at fault in the happening of the accident and the defendant Daniel Sugrue 25% at fault in the happening of the accident and awarding the plaintiff Patricia Donahue $200,000 for past pain and suffering and $500,000 for future pain and suffering, is in favor of the plaintiff Patricia Donahue and against them.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with one bill of costs, and a new trial is granted to the plaintiff Patricia

Donahue on the issue of damages only, unless within 20 days after service upon the plaintiff Patricia Donahue of a copy of this decision and order, with notice of entry, the plaintiff Patricia Donahue shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in her favor as to damages for past pain and suffering from the sum of $200,000 to the sum of $100,000 and the damages for future pain and suffering from the sum of $500,000 to the sum of $50,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff Patricia Donahue so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

There is no merit to the defendant Daniel Sugrue's assertion that the jury verdict finding him 25% at fault in the happening of the accident was against the weight of the evidence. Apportionment of fault among defendants is generally a matter for the jury (see, Rhoden v Montalbo, 127 AD2d 645). Here, there was ample evidence supporting the jury verdict. The jury could have properly inferred from the location of the damage to the two cars and the point of impact, that Sugrue's car was traveling a good deal faster than Sugrue claimed. This evidence, together with the evidence that Sugrue failed to see Catherine Smorto's car until the impact, and that Smorto was already in the intersection when she first saw Sugrue's vehicle, supports the jury's verdict. Thus, it cannot be said that the jury's apportionment of fault was not based on a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129).

The damages award to the plaintiff Patricia Donahue deviates materially from what would be reasonable compensation to the extent indicated (see, e.g., Brown v Stark, 205 AD2d 725; Hulsen v Morrison, 206 AD2d 459; Hirschman v City of New York, 193 AD2d 581).

We find the defendants' remaining contentions to be without merit. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.