◼ BERTHA PORCANO, Respondent, v DONALD A. LEHMAN et al., Appellants, et al., Defendant. (And a Third-Party Action.) [680 NYS2d 590] —In an action to recover damages for personal injuries, the defendants Donald A. Lehman and Attack Cat Security, Inc., appeal from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered September 30, 1997, which, upon a jury verdict, *inter alia,* is in favor of the plaintiff and against them in the principal sum of $39,586.93 for medical expenses and $650,000 for the pain and suffering of the plaintiff's decedent.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by (1) deleting the award of damages for medical expenses and dismissing that cause of action, and (2) deleting the award of damages for pain and suffering, and substituting therefor a provision severing the plaintiff's cause of action to recover damages for pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to decrease the verdict as to damages for pain and suffering from the principal sum of $650,000 to the principal sum of $175,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

On December 21, 1993, the plaintiff's decedent, Leonard Porcano, while employed as a car salesman by the third-party defendant Marty Auto Plaza, was involved in a rear-end collision while riding in the back seat of a car being test driven by the

defendant Charlotte Lemay. When Lemay stopped short for the second time in an attempt to test the anti-lock brakes, a truck being driven by the defendant Donald A. Lehman hit them. The jury found Lemay and Lehman equally liable.

During the damages phase of the trial, experts testified that Porcano suffered from herniated discs between the fourth and fifth, and fifth and sixth, cervical vertebrae. The herniated disc between the fifth and sixth vertebra was surgically excised. Porcano sustained bilateral carpal tunnel syndrome, which also required surgery. A doctor who had examined Porcano testified that Porcano was extremely depressed. At his examination before trial, Porcano testified that he suffered from pain in both arms, both hands, his lower back, across his shoulders, and his neck. Porcano later died of unrelated causes.

Contrary to the appellants' contentions, the verdict as to liability was not against the weight of the evidence since the jury could have reached its verdict on a fair interpretation of the evidence (*see, Sorrentino v Riemer,* 252 AD2d 522; *Sass v Ambu Trans,* 238 AD2d 570). Furthermore, the emergency doctrine is inapplicable (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322; *Sass v Ambu Trans, supra*; *Tyson v Brecher,* 212 AD2d 851; *McCarthy v Miller,* 139 AD2d 500).

The appellants further contend that the court erred in failing to submit the threshold issue of serious injury to the jury. It is incumbent upon the court to decide in the first instance whether the plaintiff established a prima facie case of "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Licari v Elliott,* 57 NY2d 230, 237; *Brown v Stark,* 205 AD2d 725; *Loucas v A & A Trucking Co.,* 134 AD2d 326, 327). If the court finds that the plaintiff has established such a case, the issue should be submitted to the jury for a special finding (*see, Brown v Stark, supra,* at 725; *Small v Zelin,* 152 AD2d 690, 691-692; *Loucas v A & A Trucking Co., supra,* at 327; *Quaglio v Tomaselli,* 99 AD2d 487, 488; *Spells v Foley,* 84 AD2d 786, 786-787).

The court correctly determined, as a matter of law, that the plaintiff had established a prima facie case of serious injury. Accordingly, the court should have submitted the issue to the jury for a special finding (*see, Brown v Stark, supra,* at 725; *Small v Zelin, supra,* at 691-692; *Loucas v A & A Trucking Co., supra,* at 327; *Quaglio v Tomaselli, supra,* at 488; *Spells v Foley, supra,* at 786-787).

Nevertheless, the error does not warrant reversal under the circumstances. The evidence presented adequately set forth a basis for determining that Porcano had sustained a serious

injury. Further, in view of the plaintiff's unrefuted medical evidence, the jury determination to award damages rested upon a preponderance of the evidence adduced at trial and was proper (*see, Perez v Vintis,* 249 AD2d 526; *Small v Zelin, supra,* at 692).

However, the award of $650,000 for pain and suffering materially deviates from what would be reasonable compensation to the extent that the award exceeds $175,000 (*see,* CPLR 5501 [c]; *see generally, Donahue v Smorto,* 240 AD2d 464; *Walsh v Kings Plaza Replacement Serv.,* 239 AD2d 408; *Schare v Welsbach Elec. Corp.,* 138 AD2d 477; *Adams v Romero,* 227 AD2d 292; *Orris v West,* 189 AD2d 866; *McDonald v Northside Sav. Bank,* 184 AD2d 426). Furthermore, the plaintiff concedes that the medical expenses were paid from collateral sources and thus were erroneously included in the verdict.

The appellants' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.