■ BERNARDO CRUZ, Appellant, v CITY OF NEW YORK et al., Respondents. [707 NYS2d 860] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered February 2, 1999, which, upon a jury verdict in favor of the defendants, and the denial of his motion pursuant to CPLR 4404 to set aside the verdict and for judgment in his favor as a matter of law or for a new trial, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the trial court did not err in reversing an evidentiary ruling mid-trial. The document which was the subject of the ruling, offered as a business record, contained conclusions as to the cause of the accident which were not made by an expert, and which did not stem from post-incident expert analysis of observable physical evidence (*see, Valloney v Viau,* 249 AD2d 536; *Franco v Muro,* 224 AD2d 579; *Hatton v Gassler,* 219 AD2d 697). To permit testimony regarding an ultimate issue in the case would usurp the role of the jury (*see, Nevins v Great Atl. & Pac. Tea Co.,* 164 AD2d 807).

The trial court properly charged the jury with respect to the emergency doctrine. A party requesting such an instruction is entitled to have the jury so charged if, as here, " ' "under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's * * * making" ' " (*Barath v Marron,* 255 AD2d 280, 281; *Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *see also, Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923, 924).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Joy, Sullivan and Altman, JJ., concur.