■ MICHEL JEAN, Appellant, v CITY OF NEW YORK et al., Defendants, and SUMMIT CAB CORP., Respondent. [836 NYS2d 666]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Hart, J.), dated October 12, 2005, as, upon a jury verdict and upon the granting of the motion of the defendant Effective Management Services, LLP, pursuant to CPLR 4404, to set aside the verdict against it

and for judgment as a matter of law, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, a cab driver, sustained personal injuries while standing next to his vehicle in the central taxi hold area of John F. Kennedy International Airport in Queens, when another taxi cab, which had been waved forward by a dispatcher, went out of control and struck him. The driver of that vehicle, the defendant Robert Jean Chery, testified that his car raced forward when he stepped on the accelerator and that the brakes failed to operate when he attempted to apply them. The plaintiff commenced the present action, naming, among others, as a defendant, Effective Management Services, LLP (hereinafter Effective), the company that was contractually obligated to run the taxi distribution system at the airport. The plaintiff alleged that Effective breached a duty of care owed to him, in failing to comply with various rules which it had promulgated, and that those violations constituted a proximate cause of the accident and the resulting injuries which he sustained. However, there is no evidence in the record that the rules were promulgated for the safety of cab drivers using the central taxi hold area, let alone intended to protect them from the kind of unforeseeable hazards resulting from a motor vehicle going out of control (*see Di Ponzio v Riordan,* 89 NY2d 578, 585 [1997]; *Stone v Williams,* 64 NY2d 639, 642 [1984]). Accordingly, upon the evidence presented at trial, there was no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, that Effective was, in part, liable for the occurrence, and no rational process by which the jury could find in favor of the plaintiff as against Effective (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.