■ JOHNNIE SYDNOR et al., Appellants-Respondents, v HOME DEPOT U.S.A., INC., Respondent-Appellant, et al., Defendants. [906 NYS2d 279]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an interlocutory judgment of the Supreme Court, Kings County (Ruchelsman, J.), dated September 22, 2008, which, upon a jury verdict, and upon the denial of the motion of the defendant Home Depot U.S.A., Inc., to set aside the verdict pursuant to CPLR 4404, adjudged the defendant Home Depot U.S.A., Inc., to be only 15% at fault in the happening of the accident, and adjudged the defendant Cecil G. Small to be 85% at fault in the happening of the accident, and the defendant Home Depot U.S.A., Inc., cross-appeals from so much of the same judgment as adjudged it to be 15% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

On June 5, 2005, the defendant Home Depot U.S.A., Inc. (hereinafter Home Depot), was displaying barbecue grills for sale in the parking lot of its store in Freeport. The parking lot was separated from the entrance to the store by two lanes of traffic, a fire lane, and a sidewalk. The plaintiffs Johnnie Sydnor and Charles Cafiso were standing in the parking lot at about 1:00 P.M., looking at the grills and having a conversation. At that time, the defendant Michelle Cruz was driving past the grill display. The defendant Cecil Small was driving his car in the opposite direction. Small lost control of his car, struck the right side of Cruz's car, and veered into Sydnor and Cafiso, causing injuries. The plaintiffs brought this action to recover damages for personal injuries.

At the trial, over the plaintiffs' objection, the Supreme Court allowed Home Depot to read into the record the handwritten statement Small gave to the police after the accident. Small stated that his brakes failed. He admitted that he had taken his car to his mechanic for brake problems, and that "each time," the mechanic told him there was nothing wrong. The Supreme Court precluded the plaintiffs from introducing prior complaints

made against Home Depot, alleging that its placement of merchandise in the parking lot violated a zoning code provision requiring it to keep parking spaces clear for its patrons.

The jury found that Home Depot was 15% at fault in the happening of the accident, and that Small was 85% at fault. The plaintiffs moved to set aside the verdict, claiming that Home Depot should have been held at least 85% at fault. The Supreme Court denied the motion. Home Depot then moved pursuant to CPLR 4404 to set aside the verdict on the ground that the plaintiffs failed to prove that it was negligent, or, in the alternative, that its negligence was not a substantial factor in causing the accident. In an order dated July 22, 2008, the Supreme Court denied the motion. An interlocutory judgment was entered September 25, 2008, adjudging Home Depot 15% at fault and Small 85% at fault in the happening of the accident. The plaintiffs appeal, and Home Depot cross-appeals.

In evaluating the legal sufficiency of the evidence, a court "must determine whether there is any 'valid line of reasoning and permissible inferences which could possibly lead a rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (Schwalb v Kulaski, 38 AD3d 876, 877 [2007], quoting Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Here, the Supreme Court correctly concluded that "it cannot seriously be disputed that the placement of barbecue grills in an open parking lot and the expectation that customers will view those grills in the same location where cars are driving can constitute a breach of duty to those customers" (see White v Diaz, 49 AD3d 134, 135 [2008]; Monge v Home Depot, 307 AD2d 501, 502 [2003]; Morris v Nacmias, 245 AD2d 432, 433-434 [1997]; cf. Stone v Williams, 64 NY2d 639, 641-642 [1984]; Jean v City of New York, 40 AD3d 926, 927 [2007]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745-746 [1995]; Nicastro v Park, 113 AD2d 129, 130 [1985]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Zito v City of New York, 49 AD3d 872, 874 [2008]). The apportionment of fault among defendants is generally an issue of fact for the jury (see Donahue v Smorto, 240 AD2d 464, 466 [1997]; Rhoden v Montalbo, 127 AD2d 645, 646 [1987]), and the jury's apportionment of fault should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence (see Rhoden v Montalbo, 127 AD2d at 646;

*Nicastro v Park*, 113 AD2d 129 [1985]). Here, the jury's finding that Home Depot was only 15% at fault while Small was 85% at fault was not contrary to the weight of the evidence.

The plaintiffs further contend that the Supreme Court erred in precluding evidence of Home Depot's violations of the zoning code, and in denying their motion for leave to amend the complaint to allege that Home Depot was reckless on the basis of the code violations. The zoning code provisions at issue required Home Depot to keep its parking lot clear in order to provide parking spaces for its patrons; the provisions were not promulgated for the protection of pedestrians. Thus, the Supreme Court properly determined that these provisions could not be used to establish a duty of care from Home Depot to the plaintiffs (*see Di Ponzio v Riordan*, 89 NY2d 578, 585 [1997]; *Jean v City of New York*, 40 AD3d 926 [2007]). Therefore, the Supreme Court providently exercised its discretion in precluding the evidence, and in denying the plaintiffs' motion for leave to amend the complaint (*see generally Tarantini v Russo Realty Corp.*, 273 AD2d 458, 459 [2000]).

Contrary to the plaintiffs' contention, the Supreme Court properly admitted Small's out-of-court statement to the police as an admission of a party (*see generally Scott v Kass*, 48 AD3d 785 [2008]; *cf. Cover v Cohen*, 61 NY2d 261, 274 [1984]).

The plaintiffs' remaining contention is unpreserved for appellate review. Angiolillo, J.P., Dickerson, Chambers and Austin, JJ., concur.