■ Kevin P. McAleer, Respondent, v Patrick O. Geraghty et al., Appellants, et al., Defendant. [915 NYS2d 155]—

· In an action to recover damages for personal injuries, the defendants Patrick O. Geraghty and Rock Solid General Construction Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated September 18, 2009, as denied those branches of their motion which were pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence, a jury verdict on the issue of liability finding them 65% at fault in the happening of the accident and finding the plaintiff only 35% at fault, and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 10, 2004, between 6:30 and 7:00 P.M., the plaintiff's vehicle hit the rear end of a dump truck in the right northbound lane of the Tappan Zee Bridge. The dump truck was owned by the defendant Rock Solid General Construction Corporation

(hereinafter Rock Solid) and operated by the defendant Patrick O. Geraghty. At the time of the collision, the dump truck had been stopped on the bridge for approximately 20 minutes. The truck lost power as Geraghty was crossing the bridge, and it slowly came to a stop where the collision would eventually occur. While stalled on the bridge, Geraghty telephoned his daughter, who owned Rock Solid, to advise her of the situation. However, Geraghty acknowledges that he remained in the truck and took no further steps to facilitate the removal of the truck from the bridge or to warn other drivers of the hazard posed by the stopped truck. Approximately 20 minutes after the truck stopped, the plaintiff was driving northbound in the same lane at approximately 50 to 55 miles per hour. He was traveling approximately one car length behind an oversized vehicle. That vehicle swerved suddenly to the left, and the plaintiff saw, for the first time, the dump truck stopped in the roadway, approximately four to five car lengths away. Despite applying the brakes, the plaintiff could not avoid colliding with the rear of the dump truck. The plaintiff commenced this action against, among others, the defendants Geraghty and Rock Solid. Following a jury trial on the issue of liability, the jury returned its verdict, finding the defendants Geraghty and Rock Solid (hereinafter together the defendants) 65% at fault in the happening of the accident and the plaintiff 35% at fault. The defendants moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. We affirm.

"The apportionment of fault among defendants is generally an issue of fact for the jury" (*see Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187 [2010]; *Donahue v Smorto*, 240 AD2d 464, 465 [1997]; *Rhoden v Montalbo*, 127 AD2d 645, 646 [1987]). "[T]he jury's apportionment of fault should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence" (*Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d at 1187; *see Rhoden v Montalbo*, 127 AD2d at 646; *Nicastro v Park*, 113 AD2d 129 [1985]).

Here, the jury's finding that the plaintiff was only 35% at fault in the happening of the accident while the defendants were 65% at fault was not contrary to the weight of the evidence. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.