■ ELADIO HERNANDEZ, Respondent, v PAPPCO HOLDING CO., LTD., et al., Defendants, and SAI GAS, INC., Appellant. [26 NYS3d 312]—

In an action to recover damages for personal injuries, the defendant Sai Gas, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Weiss, J.), entered October 3, 2013, as, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence on the issue of liability, upon a jury verdict on the issue of liability finding it 75% at fault in the happening of the accident and the defendant Doaba Gas Management, Inc., 25% at fault, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $200,000 for past pain and suffering and $675,000 for future pain and suffering, and upon the denial of its motions pursuant to CPLR 4404 (a) to set aside the jury verdicts on the issues of liability and damages as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff was hired by Nirmal Singh, the president and sole owner of the defendant Gulf Sales & Service, Inc., doing business as Gulf Auto Repair (hereinafter Gulf Auto Repair), which operated an auto repair shop in the garage of a gas station. Nirmal Singh was also the sole owner of Doaba Gas Management, Inc. (hereinafter Doaba), which operated the gas pumps at the gas station. Gulf Auto Repair and Doaba were sub-tenants of the defendant Sai Gas, Inc. (hereinafter Sai), which leased the premises from the defendant Pappco Holding Co., Ltd. (hereinafter Pappco). The plaintiff allegedly was injured while he was standing in a container that was resting

on top of the forks of a forklift. The forklift operator started to move the forklift, the plaintiff lost his balance and grabbed onto the forklift, and trapped his hand in the machinery. Thereafter, the plaintiff commenced this action against Pappco, Sai, Gulf Auto Repair, and Doaba, alleging common-law negligence and violations of the Labor Law. Pappco moved for summary judgment dismissing the complaint insofar as asserted against it, and in an order dated December 7, 2012, the Supreme Court, among other things, granted Pappco's motion.

The matter proceeded to a jury trial against Sai and Doaba on the causes of action alleging a violation of Labor Law § 200 and common-law negligence. At the close of evidence on the issue of liability, the Supreme Court denied Sai's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it. Thereafter, the jury found that Sai and Doaba had the authority to supervise or control the plaintiff's work and that they were negligent in failing to make the plaintiff's work reasonably safe. The jury further found Sai 75% at fault in the happening of the accident and Doaba 25% at fault. The Supreme Court denied Sai's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial. Following a trial on the issue of damages, the jury awarded the plaintiff the principal sums of $200,000 for past pain and suffering and $675,000 for future pain and suffering. The Supreme Court denied Sai's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issues of damages as contrary to the weight of the evidence and for a new trial.

"To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (*Torres v City of New York*, 127 AD3d 1163, 1165 [2015] [internal quotation marks omitted]; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when [the] defendant bears the responsibility for the manner in which the work [was] performed" (*Rodriguez v Trades Constr. Servs. Corp.*, 121 AD3d 962, 965 [2014]). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (*Ortega v Puccia*, 57 AD3d at 62). "If the challenged means and methods of the work are those of a subcontractor, and the owner or contractor exercises no supervisory control over the

work, no liability attaches under Labor Law § 200 or the common law" (*LaRosa v Internap Network Servs. Corp.*, 83 AD3d 905, 909 [2011]; *see La Veglia v St. Francis Hosp.*, 78 AD3d 1123 [2010]).

The Supreme Court properly denied Sai's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability on the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. "To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering a motion for judgment as a matter of law, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556). "In making this determination, a court must not 'engage in a weighing of the evidence,' nor may it direct a verdict where 'the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question' " (*Bzezi v Eldib*, 112 AD3d 772, 774 [2013], quoting *Dolitsky v Bay Isle Oil Co.*, 111 AD2d 366, 366 [1985]). Here, viewing the evidence in the light most favorable to the plaintiff, a rational process existed by which the jury could find that Sai exercised supervisory control over the plaintiff's work.

"[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Sokolik v Pateman*, 114 AD3d 839, 840 [2014]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Sokolik v Pateman*, 114 AD3d at 840-841; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). The apportionment of fault among the parties is generally an issue of fact for the jury (*see Donahue v Smorto*, 240 AD2d 464, 465 [1997]; *Rhoden v Montalbo*, 127 AD2d 645, 646 [1987]), and the jury's apportionment of fault should not be set aside unless it could not have been reached based upon a fair interpretation of the evidence (*see Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187-1188 [2010]; *Dockery v Sprecher*, 68 AD3d 1043, 1046 [2009]; *Rhoden v Montalbo*, 127 AD2d at

646). Here, the Supreme Court properly denied Sai's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial, as the jury's verdict was supported by a fair interpretation of the evidence.

The jury award for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

Sai's remaining contention is without merit. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.