■ MERLINE PIERRE, Appellant, v CHARLES ANDRE, Respondent, et al., Defendant. [58 NYS3d 472]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered October 1, 2015, which, upon a jury verdict on the issue of liability, and upon the denial of her motion, in effect, pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that the defendant Charles Andre was not negligent as contrary to the weight of the evidence, is in favor of the defendant Charles Andre and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

In November 2011, the plaintiff allegedly was injured when a vehicle in which she was a passenger, operated by the defendant Charles Andre, collided with a vehicle operated by the defendant Marco Ramirez. Following a trial on the issue of li-

ability, the jury found that Andre was not negligent, and that Ramirez was 100% at fault in the happening of the accident. The plaintiff moved, in effect, pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that Andre was not negligent as contrary to the weight of the evidence, and the Supreme Court denied the motion. A judgment was entered in favor of Andre and against the plaintiff dismissing the complaint insofar as asserted against that defendant, and the plaintiff appeals.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Raso v Jamdar*, 126 AD3d 776, 776-777 [2015]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Sydnor v Home Depot U.S.A., Inc.*, 74 AD3d 1185, 1187 [2010]; *see Zito v City of New York*, 49 AD3d 872, 874 [2008]; *Koopersmith v General Motors Corp.*, 63 AD2d 1013, 1014 [1978]). Here, contrary to the plaintiff's contention, a fair interpretation of the evidence at trial supported the jury's determination that Andre was not negligent. Accordingly, the Supreme Court properly denied the plaintiff's motion, in effect, pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that Andre was not negligent as contrary to the weight of the evidence.

Further, under the circumstances of this case, the Supreme Court properly charged the jury on the emergency doctrine (*see Richards v Miller*, 21 AD3d 1023, 1023-1024 [2005]; *Cruz v City of New York*, 271 AD2d 634, 634 [2000]).

Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Andre. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.