Mendoza v Enchante Accessories, Inc. (2020 NY Slip Op 03775)





Mendoza v Enchante Accessories, Inc.


2020 NY Slip Op 03775


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-09196
 (Index No. 1650/10)

[*1]Jesus Mendoza, respondent, 
v
Enchante Accessories, Inc., appellant, et al., defendants.


Koster Brady & Nagler LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for appellant.
Asta & Associates, P.C., New York, NY (Michael J. Asta and Reza Rezvani of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Enchante Accessories, Inc., appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated June 9, 2016. The order denied that defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it or, in the alternative, pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability as contrary to the weight of the evidence or, in the alternative, to amend its answer to assert as an affirmative defense that Workers' Compensation was the plaintiff's exclusive remedy and for "judgment notwithstanding the verdict, pursuant to CPLR 4404(b)."
ORDERED that the order is affirmed, with costs.
In January 2010, the plaintiff commenced this action to recover damages for personal injuries that he alleges he sustained in February 2008 when he fell from a stock picking machine in a warehouse in Sayreville, New Jersey. The plaintiff alleged that, at the time of his fall, he was performing work for his employer, the defendant E.D.S. Distribution Services, LLC (hereinafter EDS), and that the warehouse was managed by the defendant Enchante Accessories, Inc. (hereinafter Enchante), which had control over training and use of the warehouse equipment, specifically the stock picking machines, and the safety devices for such use. The plaintiff further alleged, inter alia, that Enchante was negligent in its supervision and training, and in failing to provide proper safety devices to prevent the accident. Specifically, he contended that the safety belt that he needed to use when operating the stock picking machine was unavailable, and that Enchante failed to train and supervise workers in the warehouse, including him, to ensure that such safety belts were available and used at all times when the stock picking machines were operated. In contrast, Enchante argued, inter alia, that, by the date of the accident, it had turned over management and control of the warehouse to the plaintiff's employer, EDS, and that, in any event, there were safety belts available to the plaintiff and his decision not to use one was the sole proximate cause of his accident.
At trial, after the close of the plaintiff's case, Enchante moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, and the Supreme Court reserved decision. At the conclusion of the trial, the jury determined that, on the date [*2]of the accident, Enchante exercised supervision and/or control over the warehouse, Enchante was negligent in its supervision and/or control over the warehouse, and Enchante's negligence was a substantial factor in causing the accident. The jury also found that the plaintiff was negligent and that his negligence was a substantial factor in causing the accident, and apportioned 75% liability to the plaintiff and 25% liability to Enchante. Thereafter, Enchante moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it or, in the alternative, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as against the weight of the evidence or, in the alternative, to amend its answer to assert as an affirmative defense that Workers' Compensation was the plaintiff's exclusive remedy and for "judgment notwithstanding the verdict, pursuant to CPLR 4404(b)." In an order dated June 9, 2016, the court denied Enchante's motion. Enchante appeals.
We agree with the Supreme Court's determination denying Enchante's motion in its entirety. A motion pursuant to CPLR 4401 will not be granted unless, affording the party opposing the motion every inference which may properly be drawn from the facts presented, and viewing the evidence in the light most favorable to the nonmovant, there is no rational process by which the jury could find for the nonmovant against the moving party (see Szczerbiak v Pilat, 90 NY2d 553, 556; Nestro v Harrison, 78 AD3d 1032, 1033). " In making this determination, a trial court must not engage in a weighing of the evidence, nor may it direct a verdict where the facts are in dispute, or where different inferences may be drawn or the credibility of witnesses is in question'" (Hernandez v Pappco Holding Co., Ltd, 136 AD3d 981, 983, quoting Bzezi v Eldib, 112 AD3d 772, 774 [internal quotation marks omitted]).
Here, Enchante's contention that the plaintiff's evidence failed to establish that Enchante had authority to supervise or control the plaintiff's work is without merit (see e.g. Hernandez v Pappco Holding Co., Ltd., 136 AD3d at 983). The plaintiff offered, inter alia, the testimony of one of his supervisors and the warehouse manager, as well as the testimony of the Enchante employee who supervised the warehouse manager, which, together with written agreements signed on behalf of Enchante, supported the plaintiff's contention that, at the time of his accident, Enchante supervised and controlled the plaintiff's work and the safety devices in the warehouse. The plaintiff also submitted evidence that Enchante did not require the workers to always use safety belts when operating the stock picking machine at the warehouse and that such safety belts were not always available.
Thus, viewing the evidence in the light most favorable to the plaintiff (see Raia v Berkeley Coop. Towers Section II Corp., 147 AD3d 989, 991), the jury would have been able to rationally infer that, contrary to Enchante's contention, Enchante was in control of and supervising the workers in the warehouse at the time of the accident; that it had failed to provide proper training and safety belts which could have prevented the plaintiff's accident; and that Enchante's negligence in failing to provide proper training and safety belts was a substantial factor contributing to the plaintiff's injuries (see Hernandez v Pappco Holding Co., Ltd., 136 AD3d at 982-983; see also Gayle v City of New York, 92 NY2d 936, 937).
For similar reasons, we agree with the Supreme Court's determination denying that branch of Enchante's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as against the weight of the evidence. " [A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence'" (Hernandez v Pappco Holding Co., Ltd., 136 AD3d at 983, quoting Sokolik v Pateman, 114 AD3d 839, 840).
Here, although the jury was presented with conflicting evidence as to whether, at the time of the accident, Enchante supervised and controlled the plaintiff's work, and whether it provided proper training and safety belts, the jury was within its discretion in resolving the conflicting testimony in favor of the plaintiff (see e.g. Gonzalez v Board of Educ. of City of N.Y., 165 AD3d 1065, 1066-1067). Notably, Enchante failed to offer any evidence to rebut the testimony of the plaintiff's expert witness regarding Enchante's failure to properly train the warehouse workers [*3]with respect to the safety devices. In addition, the evidence proffered by Enchante, which consisted of only one trial witness and excerpts of the deposition testimony of three other witnesses, was self-serving. The deposition testimony proffered by Enchante was inconsistent and conflicted with the testimony of the plaintiff's witnesses. "[S]elf-serving statements of an interested party which refer to matters exclusively within that party's knowledge create an issue of credibility which should not be decided by the court but should be left for the trier of facts" (Sacher v Long Is. Jewish-Hillside Med. Ctr., 142 AD2d 567, 568). Since the jury was faced with multiple instances of conflicting testimony, and "[it] had the opportunity to see and hear the witnesses" (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; see Bertelle v New York City Tr. Auth., 19 AD3d 343, 343), it was within its discretion to accept the plaintiff's evidence regarding Enchante's supervision and control over the warehouse and its workers and the safety devices and reject Enchante's evidence on the issues (see Gonzalez v Board of Educ. of City of N.Y., 165 AD3d at 1066-1067; Calix v New York City Tr. Auth., 14 AD3d 583, 584).
Contrary to Enchante's contention, the branch of its motion which was, in effect, pursuant to CPLR 3025(b) to amend its answer to assert the affirmative defense of Workers' Compensation exclusivity also was properly denied since Enchante failed to include any proposed amended answer "clearly showing the changes or additions to be made to the pleading" (CPLR 3025[b]; see e.g. G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952). In any event, Enchante failed to submit or point to any evidence at trial, or in support of its motion, that would establish the applicability of the defense of Workers' Compensation exclusivity (see D'Alessandro v Aviation Constructors, Inc., 83 AD3d 769, 771; Perez v Access Bio, Inc., 2019 WL 3297297, 2019 NJ Super Unpub LEXIS 1673 [App Div NJ, No. A-3071-16T4])).
Enchante's remaining contentions are without merit.
SCHEINKMAN, P.J., CHAMBERS, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court