City of New York v Elizabeth St. Inc. (2025 NY Slip Op 50242(U))

[*1]

City of New York v Elizabeth St. Inc.

2025 NY Slip Op 50242(U)

Decided on February 26, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 26, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570535/24

City of New York, Petitioner-Landlord-Respondent,
against
Elizabeth Street Inc., Respondent-Tenant-Appellant, and "Jane Doe," and XYZ Corp. 207 Elizabeth Street, a/k/a W/S/O Elizabeth Street Garden New York, New York 10012, Elizabeth Street Garden Inc., John Doe and Jane Doe, Respondents.

Respondent-Tenant Elizabeth Street, Inc. appeals from a final judgment of the Civil Court of the City of New York, New York County (Richard A. Tsai, J.), entered on or about May 8, 2024, after a nonjury trial, awarding landlord possession and a monetary award in the principal sum of $95,483.87 in a holdover summary proceeding.

Per Curiam.
Final judgment (Richard A. Tsai, J.), entered on or about May 8, 2024, affirmed, with $25 costs.
Landlord was properly awarded possession after trial on the commercial holdover petition. A fair interpretation of the evidence supports the court's finding that the commercial tenant had no right to continued occupancy of the premises, a parcel of land that it occupied for approximately 30 years as a month-to-month tenant, following landlord's service of a written notice to terminate pursuant to Real Property Law § 232-a (see Weiden v 926 Park Ave. Corp., 154 AD2d 308, 308-309 [1989]). 
Contrary to tenant's sole assertion on appeal, RPAPL § 721 authorizes the maintenance of a summary proceeding by a "landlord or lessor" (Halle Realty Co. v Abduljaami, 42 Misc 3d 148[A], 2014 NY Slip Op 50390[U] [App Term, 1st Dept 2014]), a status sufficiently established by landlord. As noted by the trial court, the City's initial 1991 "written [one-month] [*2]lease with tenant established that [the City] is the landlord and the credible evidence established that tenant has been paying rent to [landlord] for at least 27 years from February 1991 to May 2018" (see Z Mgmt. Co. v J.E.B.M. Launders, Inc., 1980 NY Misc LEXIS 2990[App Term, 1st Dept Oct. 29, 1980], affd 83 AD2d 998 [1981]).
Moreover, given that landlord placed tenant into possession of the premises and tenant indisputably paid rent to landlord for more than two decades, tenant is estopped from disputing the City's status as landlord (see Mattis v Brockington, 19 Misc 3d 133[A], 2008 NY Slip Op 50664[U] [App Term, 1st Dept 2008]; 1 Robert F. Dolan, Rasch's Landlord and Tenant - Summary Proceedings § 5:8 [5th ed., July 2024 update]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 26, 2025