IGT-City's Prop. Dev., LLC v Ben Moses Jewelry Designer Co. Inc. (2025 NY Slip Op 51630(U))

[*1]

IGT-City's Prop. Dev., LLC v Ben Moses Jewelry Designer Co. Inc.

2025 NY Slip Op 51630(U)

Decided on October 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570246/24

IGT-City's Property Development, LLC, Petitioner-Respondent, 
against
Ben Moses Jewelry Designer Co. Inc., Respondent-Appellant.

Respondent Ben Moses Jewelry Designer Co. Inc. appeals from: (1) an order of the Civil Court of the City of New York, New York County (Ilana J. Marcus, J.), entered May 20, 2024, which denied its motion, in effect, to file an amended answer; and (2) an order and final judgment (same court and Judge), entered, respectively, July 2, 2024 and July 3, 2024, after a nonjury trial, awarding petitioner possession and a recovery of use and occupancy in the principal sum of $36,750.00, in a holdover summary proceeding.

Per Curiam.
Final judgment (Ilana J. Marcus, J.), entered July 3, 2024, affirmed, with $25 costs. Appeal from orders (Ilana J. Marcus, J.), entered, respectively, May 20, 2024 and July 2, 2024, dismissed, without costs, as subsumed in the appeal from the final judgment.
Petitioner was properly awarded possession and a monetary award after trial on the commercial holdover petition. A fair interpretation of the evidence supports the court's findings that respondent's commercial license agreement expired by its terms on August 31, 2023 and that it remained in occupancy without permission (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; 36 Attorney St. Tenants Assn. v Casalinuoro, 6 Misc 3d 138[A], 2005 NY Slip Op 50317[U] [App Term, 1st Dept 2005]). Contrary to respondent's contention, paragraph 3 of the petition, together with the floor plan annexed thereto, adequately described the premises sought to be recovered (see 307 W. 82 Housing Corp. v Zacharias, 59 Misc 3d 148[A], 2018 NY Slip Op 50785[U][App Term, 1st Dept 2018).
We find no abuse of discretion in the denial of respondent's motion to amend its answer (CPLR 3025 [b]). After the court excused respondent's failure to timely answer and afforded it additional time to interpose an amended answer, respondent did not file its amended answer by the deadline set by the court (see Emery Celli Brinckerhoff & Abady, LLP v Rose, 111 AD3d 453, 454 [2013], lv denied 23 NY3d 904 [2014]). Moreover, respondent failed to submit or point to any evidence at trial, or in support of its motion, that would establish the potential merit of the defenses contained in the proposed amended answer (see Mendoza v Enchante Accessories, Inc., 185 AD3d 675, 679 [2020]). In this regard, petitioner established that it was the proper party with standing to commence this proceeding. Indeed, given that respondent occupied the premises [*2]pursuant to the license agreement and paid license fees to petitioner, respondent is estopped from disputing petitioner's status (see City of New York v Elizabeth St. Inc., 85 Misc 3d 131[A], 2025 NY Slip Op 50242[U] [App Term, 1st Dept 2025]). In addition, complete relief could be afforded between petitioner and respondent without joining any other person or entity as a party.
The rent ledger was properly admitted as a business record through the testimony of petitioner's witness (see CPLR 4518 [a]; Daper Realty, Inc. v Pizzimenti, 234 AD3d 405, 406-407 [2025]).
We have examined respondent's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 17, 2025